MERLE C. BROWN ET AL. *v.* GARY ROSEN ET AL.
(13895)

DUPONT, C. J., and O'CONNELL, FOTI, LAVERY and HEIMAN, Js.

Considered October 5—decision released November 22, 1994

*Christopher G. Winans,* in support of the plaintiffs' motion to dismiss.

*Edward Kanowitz,* in opposition to the motion.

FOTI, J. The defendants appeal from the discharge of a purchaser's lien. The plaintiffs, Merle C. Brown and Jo Anne Brown, have filed a motion to dismiss the appeal as untimely and for lack of a final judgment. We deny the motion.

The facts are not in dispute. The defendants, Gary Rosen and Susan Rosen, held a purchaser's lien on the plaintiffs' property located at 54 Cross Highway, Redding, pursuant to General Statutes § 49-92a.[1] The plaintiffs commenced an action to discharge that lien on the basis that it was invalid under the provisions of § 49-92a. The defendants moved to dismiss the plaintiffs' action for insufficient service of process. The trial court denied the defendants' motion to dismiss and discharged the purchaser's lien as invalid on August 1, 1994. The defendants appealed from the court's decision on August 12, 1994.

The plaintiffs first claim that the defendants' appeal is untimely pursuant to General Statutes § 52-325c (b), which provides a seven day appeal period. A review of the statutory scheme governing purchaser's liens, however, reveals that § 52-325c (b) does not apply to this appeal.

A purchaser seeking to place a purchaser's lien on certain property must record the contract for the conveyance of that land in the town records according to

---

[1] General Statutes § 49-92a provides: "PURCHASER'S LIEN. PRECEDENCE. FORECLOSURE. A purchaser's lien is created for the amount of the deposit paid pursuant to and stated in a contract for the conveyance of land by the recording of that contract in the records of the town in which the land is situated, provided the contract is executed by the owner and by the vendee of the land, witnessed and acknowledged in the same manner as required for a deed for the conveyance of land, and describes the particular land to which it refers. That purchaser's lien shall be prior to any other liens and encumbrances originating after the contract is recorded. A purchaser's lien may be foreclosed in the same manner as a mortgage. Transfer of title of the land to the vendee constitutes a release and discharge of the lien."

the provisions of § 49-92a.[2] A party having an interest in that property may bring an action to discharge the lien pursuant to General Statutes § 49-92e.[3]

General Statutes §§ 49-92a through 49-92f, which govern purchaser's liens, are silent regarding the time for taking an appeal from the judgment on a complaint to discharge such a lien. The twenty day time limit set forth in Practice Book § 4009 thus applies to such appeals.[4] Because the defendants appealed within twenty days of the issuance of notice of the final judgment rendered in this case, their appeal is timely.

We briefly turn to the plaintiffs' assertion that a seven day appeal period applies to this case. The plaintiffs argue that the appeal is governed by General Statutes §§ 49-51, 52-326 and 52-325c (b). The plaintiffs' argument is confusing. Section 49-51 is a general provision regarding the discharge of invalid liens.[5] Sec-

[2] See footnote 1.

[3] General Statutes § 49-92e provides: "ACTION TO CLAIM DISCHARGE. Any person, having an interest in any real estate described in any recorded contract of sale creating a purchaser's lien which is invalid but not discharged of record, may give written notice to the lienor to discharge the lien in the office where recorded. If the request is not complied with in ten days, that person may bring his complaint to the court which would have jurisdiction of the foreclosure of the lien, if valid, claiming such discharge of the lien, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request. A certified copy of the judgment of invalidity, recorded on the land records of the town where such certificate of lien was filed, fully discharges the lien."

[4] Practice Book § 4009 provides in relevant part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal . . . ."

[5] General Statutes § 49-51 provides: "DISCHARGE OF INVALID LIEN. (a) Any person having an interest in any real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release sufficient under section 52-380d,

tion 52-326 provides that "[t]he provisions of sections *52-322* and *52-324* shall apply, mutatis mutandis, to any lis pendens recorded according to the provisions of section 52-325 or any invalid lien sought to be discharged under section 49-51." (Emphasis added.) Section 52-325c (b) provides a seven day appeal period for decisions on applications for the discharge of a notice of lis pendens.[6] The plaintiffs' argument appears to be that because they sought the discharge of the lien under § 49-51, the provisions of § *52-325c (b)* apply to the appeal under § 52-326.

The plaintiffs' argument lacks merit. First, the plaintiffs did not bring their action to discharge the lien under § 49-51. Their complaint refers to § 49-92a. Even

by first class mail, postage prepaid, to the person requesting the discharge. If the lien is not discharged within thirty days of the notice, that person may apply to the superior court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request. If the court is of the opinion that such certificate of lien was filed without just cause, it may allow, in its discretion, damages to any person aggrieved by such failure to discharge, at the rate of one hundred dollars for each week after the expiration of such thirty days, but not exceeding in the whole the sum of five thousand dollars or an amount equal to the loss sustained by such aggrieved person as a result of such failure to discharge the lien, which loss shall include, but not be limited to, a reasonable attorney's fee, whichever is greater.

"(b) When a lien on real property is adjudged invalid or is otherwise discharged by the court, a certified copy of the judgment of invalidity or discharge recorded on the land records of the town where the certificate of lien was filed fully discharges the lien. If such a discharged or invalid lien is a lien filed on personal property pursuant to section 52-355a, a release of lien in the form prescribed by subsection (c) of section 52-380d, certified to by a clerk of the superior court, with reference to and the date of the court order of discharge or invalidity, fully discharges the lien on filing with the secretary of the state."

[6] General Statutes § 52-325c provides in relevant part: "(a) Any order entered as provided in subsection (b) of section 52-325b shall be deemed a final judgment for the purpose of appeal.

"(b) No appeal shall be taken from such order except within seven days thereof. . . ."

if the plaintiffs sought to discharge the lien under § 49-51, § 52-326 provides that *§§ 52-322 and 52-324* apply to that case, but it is silent as to the applicability of § 52-325c (b), which sets forth the seven day appeal period. We conclude that the claim of the plaintiffs is unpersuasive.

The plaintiffs next assert that because the defendants have appealed from the denial of their motion to dismiss, the appeal was not taken from a final judgment and must be dismissed. We disagree.

The plaintiffs accurately represent that the denial of a motion to dismiss generally is not an appealable final judgment. *Sasso* v. *Aleshin*, 197 Conn. 87, 90, 495 A.2d 1066 (1985); *State* v. *Malkowski*, 189 Conn. 101, 104, 454 A.2d 275 (1983); *Kioukis* v. *Kioukis*, 185 Conn. 249, 251 n.1, 440 A.2d 894 (1981); *Guerin* v. *Norton*, 167 Conn. 282, 283, 355 A.2d 255 (1974); *State* v. *Boucher*, 119 Conn. 436, 437, 177 A. 383 (1935); *State* v. *Harris*, 4 Conn. Cir. Ct. 534, 536, 236 A.2d 479 (1967). That rule, however, is not dispositive of this appeal.

The jurisdictional statement on the defendants' appeal form fails to indicate properly that the appeal was taken from the final judgment, which in this case was the discharge of the purchaser's lien.[7] It is clear from the preliminary statement of issues, however, that the defendants awaited the entry of a final judgment on the discharge of the lien and then appealed, challenging also the earlier denial of their motion to dismiss for insufficient service of process. The deficiency on the defendants' appeal form, therefore, is a mere technical defect for which this court generally does not dismiss an appeal. We have often stated that we will not exalt form over substance. *State* v. *Rosedom*, 34 Conn.

---

[7] The jurisdictional statement on the appeal form indicates that the appeal was taken from the "denial of motion to dismiss      granting of plaintiffs' application for discharge."

App. 141, 143, 640 A.2d 634 (1994); *Wilton* v. *McGovern*, 33 Conn. App. 517, 521, 636 A.2d 870, cert. denied, 228 Conn. 928, 640 A.2d 116 (1994); *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 779, 622 A.2d 588 (1993); *Tolland Bank* v. *Larson*, 28 Conn. App. 332, 337, 610 A.2d 720 (1992).

The motion to dismiss is denied.

In this opinion the other judges concurred.