[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has filed a Motion to Dismiss in this commercial summary process eviction lawsuit. The defendant claims two reasons for its motion to dismiss; (1) the language of the notice to quit is vague; (2) the notice to quit was issued prematurely in accordance with the terms and conditions of the written lease between the parties. The parties submitted memoranda of law supporting their legal and factual position. Testimonial and documentary evidence was considered by the court. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56
(1983).
FACTS
On or about December 29, 1994 the plaintiff, 111 Century Plaza Limited Partnership as lessor, and the defendant, Video Plaza II as lessee, entered into a written lease for use and occupancy of a certain store located in a shopping center known as Century Plaza in Monroe, Connecticut for a term of five years. Article 7.2 of the written lease provides in part as follows. "If any installment of additional rent and any other sum required to be paid hereunder remains unpaid (10) days after written notice from the Landlord to the Tenant specifying said sums as rightfully overdue, the Tenant shall be deemed in default under this lease."
The plaintiff alleged in its complaint that on June 12, 1995 it sent to the defendant a letter indicating that there was an unpaid balance due and payable on account of amounts owed for fit up of the demised premises as well as installation of a sign panel in the total amount of $7,360.31. The letter demanded that that sum be paid and if that sum was not paid within 10 days from the date of receiving the notice, the defendant would be in default of its obligations under the written lease. The defendant failed to make that payment. On August 8, 1995 the plaintiff caused a notice to quit to be served on the defendant to quit possession of the premises on or before August 14, 1995. The defendant failed to quit the premises and this instant lawsuit was filed.
The notice to quit dated August 7, 1995 stated as the third CT Page 11300-M reason. "Termination of tenancy due to your failure to make payments of sums of money required to be paid to the landlord pursuant to Article 7.2 of your lease agreement with 111 Century Plaza Limited Partnership. " The plaintiff claims that its complaint seeking possession of the premises is based on this third reason.
The defendant claims that the above language in the notice to quit is vague; that a mere recitation of an Article of a written lease is insufficient compliance with the specificity requirements of Connecticut General Statutes § 47a-23(a) as clarified by various Housing Session decisions. The defendant further claims that the notice to quit was premature since the plaintiff as landlord never sent the 10 day default notice in accordance with Article 7.2 of the lease. As an additional argument in support of its prematurity claim, the defendant claims that the letter dated June 12, 1995 was not signed by a general partner of the plaintiff, a Connecticut Limited Partnership, nor by an agent of the plaintiff, 111 Century Plaza Limited Partnership, nor signed on the letterhead of 111 Century Plaza Limited Partnership. Therefore the defendant's argument is that the June 12, 1995 letter, Exhibit 1, was ineffective to act as a default notice in accordance with Article 7.2 of the lease.
DISCUSSION OF LAW
As a condition precedent to a summary process action, a "proper notice to quit is a jurisdictional necessity."Lampasona v . Jacobs, 209 Conn. 724, 730 (1989). A motion to dismiss shall be used to assert the lack of jurisdiction over the subject matter. Southport Manor Convalescent Center, Inc.v. Foley, 216 Conn. 11, 12 (1990). Jurisdiction over the subject matter cannot be waived or conferred by consent.Serrani v. Board of Ethics, 225 Conn. 305, 308 (1993). When deciding a motion to dismiss the court's "inquiry usually does not extend to the merits of the case." Southport ManorConvalescent Center, Inc. v. Foley, supra 16. "The Motion to Dismiss. . . admits all well pleaded facts. . . the complaint being construed most favorably to the plaintiff." Duguay v.Hopkins, 191 Conn. 222, 227 (1983). "Every presumption favoring jurisdiction shall be indulged." Connecticut Light and PowerCo. v. Costle, 179 Conn. 415, 421 (1980).
A notice to quit must be an unequivocal manifestation by CT Page 11300-N the lessor that it has terminated the rental agreement.Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. Sup. 683,686 (1983), Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627,631 (1985). The default of a lease such as non payment by a tenant does not by itself terminate a tenancy but merely gives the landlord the option by some unequivocal act to terminate the tenancy. Webb v. Ambler, 125 Conn. 543, 550 (1939), Kovner v.Dubin, 104 Conn. 112, 118 (1926), Bushnell DevelopmentCorporation v. Fazzano, supra 586. The failure of a commercial landlord to comply with the default notice terms and conditions of the written lease between the parties deprives the court of subject matter jurisdiction since there was no preexisting default in the terms of the lease. Thomas E. Golden Realty v.Society for Savings, 31 Conn. App. 575, 580 (1993).
Statutory language must be complied with to satisfy the requirements of a notice to quit. Connecticut General Statutes§ 47a-23(b) contains the following language: "The Notice shall be in writing substantially in the following form", and "here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import." For years notices to quit had to meet the following standard: "Because of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly followed." Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598,600-601 (1953); Vogel v. Bacus, 133 Conn. 95, 97 (1946). The wording of the statute has now indicated some flexibility. The Supreme Court has recognized that flexibility in 1987 by stating: "When good cause of termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with the statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson GardensAssociates v. Greene, 202 Conn. 128, 145 (1987).
The modern trend "is to construe pleadings broadly and realistically, rather than narrowly and technically." Fuller v.First National Supermarkets, Inc., 39 Conn. App. 299, 302 (1995);Beaudoin v. Town Oil Company, Inc., 207 Conn. 575, 587-588
(1988). "Over-technical formal requirements have ever been a problem of the common law, leading the legislature at periodic intervals to enact statutes. . . which, in substance, told the courts to be reasonable in their search or technical perfection." Concept Associates LTD v. Board of Tax Review,
CT Page 11300-O229 Conn. 618, 623-524 (1994). Connecticut General Statutes § 47a-23b
granted further flexibility in Public Act 91-5 where the following phrase was added: "Using the statutory language or words of similar import." "We have often stated that we will not exalt form over substance." Brown v. Rosen, 36 Conn. App. 206,210, (1994). "Therefore the general test in Connecticut in determining whether or not the language of the notice to quit complies with the statutory requirements is as follows;
 `In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory, or arbitrary eviction.' Jefferson Garden Associates v. Greene, supra 143." Vertula v. Torraco, SNBR-437, p. 4-5, August 25, 1995 (Tierney, J.)
Notices setting forth grounds for eviction whether they be statutory notices to quit, statutory Kapa notices underConnecticut General Statutes § 47a-15, federal required notices under a federal subsidy program or notices of default under a commercial lease require specificity to comply and be effective for eviction. Southland Corporation v. Vernon, 1 Conn. App. 439,452 (1984), Thomas E. Golden Realty v. Society for Savings,
supra 580, Bushnell Plaza Development Corp. v. Brett, H-650, May 15, 1985 (Goldstein, J.), Almagro v. Jackson, H-929, September 28, 1990 (Berger, J.), Jefferson Garden Associates v.Greene, supra 145, Kappa Associates v. Flores,35 Conn. Sup. 274, 278 (1979).
Mere recitation of the lease section is insufficient to meet the specificity of the requirement of the above rule.Housing Authority Town of Glastonbury v. Rankl, H-346, August 6, 1982 (Maloney, J.), Nikolaidis v. East Main Pizza House, Inc.,
H-788, November 24, 1986 (Goldstein, J.), Housing Authority ofthe City of Bridgeport v. Rogers, SNBR 371, March 2, 1992 (Leheny, J), 1992 Ct. Sup. 1930. Housing Authority of the Cityof Meriden v. Roman, CV-0942 February 10, 1987 (Nash, J).
"Further the court finds that the reasons stated in the notice to quit are too general to serve the function of giving notice. Meaningful notice is a prerequisite for due process. It is not sufficient to apprise the defendant that he is in violation of the rules and regulations without specifically CT Page 11300-P stating which particular paragraph or number of the rules and regulations he has violated." Housing Authority of the City ofBridgeport v. Rogers, supra 2-3. "Such a notice, which lends itself to multiple interpretations, is defective for the lack of specificity. A tenant is not required to guess the actual reason for the summary process action." The Bank of HartfordInc. v. Bultron, H-997, December 3, 1992 (Holzberg, J.).
CONCLUSION
The defendant's first reason for the motion to dismiss is that the notice to quit is "vague". This case involves a commercial dispute concerning the parties formal written lease. The court must determine if "meaningful notice" has been given to the defendant tenant as a prerequisite for due process.Housing Authority of the City of Bridgeport v. Rogers, supra 2-3. The court must determine if the plaintiffs' notice apprised the tenant of the information a tenant needs to protect itself "against premature, discriminatory or arbitrary eviction."Jefferson Gardens Associates v. Greene, supra 143. The default notice letter of June 12, 1995 states: "There is a unpaid balance on your account relevant to your lease of your store, Video Plaza II, at 535 Monroe Turnpike, Monroe, Connecticut. This balance is relevant to past due amounts owed for the Video Plaza II pylon sign panel and/or fit up costs beyond your tenant credit. This balance is over ten days due and there has been a late charge equal to 5% added to it according to Article 30 in your lease. According to Article 7.2 in your lease which calls for any installment of rent or any other sum, which this would include, if it remains unpaid for 10 days after written notice from landlord to tenant, tenant shall be deemed in default under this lease. Please consider this as the ten day written notice." Paragraph 4 of the complaint states: "By letter dated June 12, 1995, the plaintiff, 111 Century Plaza Limited Partnership, notified the defendant, Video Plaza II, of an unpaid balance due and payable on account of amount owed for fit-up of the demised premises as well as a sign panel in the amount of $7,360.31." At oral argument the defendant conceded that if the notice to quit contained this language as alleged in paragraph 4 of the complaint, the notice to quit would not be vague.
This court first thought that the third reason set forth in the notice to quit at first appears to be vague. This initial reaction is in line with the other Housing Session cases. Based CT Page 11300-Q upon the facts of this case, the evidence offered and the admission into evidence of the above entitled June 12, 1995 default notice letter coupled with paragraph 4 of the writ, summons and complaint which parallels the language of the June 12, 1995 letter, the tenant had fair and reasonable notice given to it by the landlord of the exact paragraph of the lease and the terms and conditions necessary to comply with the lease. Due process rights were granted to the defendant. The notice to quit is not vague. The motion to dismiss must be denied on the first ground argued by the defendant.
The defendant claims the notice to quit was premature since no default notice was sent as required by the lease. The defendant further argues that Exhibit 1, the June 12, 1995 letter, did not satisfy the precondition notice of default under Article 7.2 of the lease. Exhibit 1 was offered into evidence without objection. It was directed to the defendant, Video Plaza II, care of Mr. Eliot R. Shushan who testified as the managing partner of Video Plaza II. The complaint alleged that the June 12, 1995 letter is the default notice sent by the landlord to the tenant under Article 7.2 of the lease. The defendant has failed to sustain its burden of proof that no default notice was sent in accordance in Article 7.2 of the lease. The motion to dismiss must be denied on that ground.
The defendant offered testimony that the plaintiff, 111 Century Plaza Limited Partnership, is a limited partnership. It has two general partners, Gary Sippin and David Sippin. Those two individual's are the only general partners of 111 Century Plaza Limited Partnership. The defendant also offered testimony from Eliot R. Shushan that he had never received any notice dated June 12, 1995 addressed to him by 111 Century Plaza Limited Partnership and/or Gary Sippin and/or David Sippin as general partners of 111 Century Plaza Limited Partnership. In cross-examination the plaintiff offered the June 12, 1995 letter. Mr. Eliot R. Shushan acknowledged that this letter was sent to him by certified mail and received by him. The defendant argues that the letter was not compliance with Article 7.2 of the lease since the June 12, 1995 letter was written on a letterhead entitled "Sippin Bros. Oil Co." and was signed by Bernard Sippin. The plaintiff notes that a copy of the letter was sent to B. Greene, Esq. the plaintiff's attorney of record, in this lawsuit. The letterhead indicates that it was also the letterhead for Sippin Real Estate Company and Sippin Management Company. The court notes that the address of the plaintiff on CT Page 11300-R the writ, summons and complaint is 234 Main Street, Monroe, Connecticut 06468. The address of Sippin Bros. Oil Co., Inc., Sippin Real Estate Company and Sippin Management Company is also 234 Main Street, Monroe, Connecticut 06468.
The defendant submitted a memorandum of law indicating under the rules of agency as a matter of law, the June 12, 1995 letter does not comply with article 7.2 notice as being the action or the landlord. The defendant argues that Article 7.2 requires "after written notice from the Landlord to the Tenant". The defendant notes that three elements must be met to establish agency; 1) a manifestation by the principal that the agent will act for him; 2) acceptance by the agent of the undertaking; and 3) an understanding between the parties that the principal will be in control of the undertaking." Beckenstein v. Potter andCarrier, Inc. 191 Conn. 120, 133 (1983).
The court is mindful that this is a hearing on a motion to dismiss. The court finds that the June 12, 1995 letter was actually received by Eliot R. Shushan. This letter, on its face, satisfies the 10 day default notice obligation under Article 7.2. The court should go no further and determine the agency relationship between Bernard Sippin, Sippin Bros. Oil Co., Sippin Real Estate Co., Sippin Management Company and the other businesses that may occupy 234 Main Street, Monroe, Connecticut 06468. Those issues would be better reserved until the trial of the merits of the case. "In determining whether to grant a motion to dismiss, the inquiry usually does not extend to the merits of the case." Southport Manor ConvalescentCenter, Inc. v. Foley, supra 16. "The motion to dismiss . . . admits well pledged facts . . . the complaint being construed most favorable to the plaintiff." Duguay v. Hopkins, supra 227. The plaintiff has alleged that Exhibit 1, the June 12, 1995 letter, was the default notice required by Article 7.2 of the lease. "Every presumption favoring jurisdiction shall be indulged." Connecticut Light Power Company v. Costle, supra 421. In light of that general rule, the agency deficiency, if any, of the June 12, 1995 letter is best left to the time of trial. The issuance of the letter the timeliness of the letter, the contents of the letter and the receipt by the defendant of the letter all have been proven on the motion to dismiss. This court does have subject matter jurisdiction.
The court has not read the entire lease and cannot determine whether or not the unpaid balance referred to in the CT Page 11300-S June 12, 1995 letter is "rent" or "additional rent" under the lease. Connecticut General Statutes § 47a-23(a)(E).
The Motion to Dismiss is hereby denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE