[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the original action, the plaintiffs, Anthony and Cynthia Calandro,[1] filed a seven-count amended complaint against the defendants, Allstate Insurance Company (Allstate), Meyer Biller, Biller Associates, Inc. (Biller Associates), and Jon D. Biller d/b/a the Biller Law Firm, arising out of the alleged improper handling of an insurance claim for fire loss. The first count is CT Page 6763 against Allstate, the plaintiffs' insurer, for breach of contract in allegedly failing to comply with various provisions of the insurance policy The second, third and fourth counts are directed at Meyer Biller and Biller Associates, as the plaintiffs' public insurance adjuster, for breach of contract, negligence, and violation of the Connecticut Unfair Trade Practices Act (CUTPA). The fifth and sixth counts are directed at Jon D. Biller d/b/a the Biller Law Firm for negligence in the representation of the plaintiffs in their insurance claim against Allstate and for violation of CUTPA.
On January 24, 1996, Allstate filed its revised[2] second amended third-party complaint against Biller Associates.[3] The third-party complaint consists of two counts. The first count is based on CUTPA. Allstate alleges that Biller Associates is a "person" engaged in "trade or commerce," as defined by General Statutes § 42-110a. According to Allstate, Biller Associates was retained by the plaintiffs to act as their public adjustor, Biller Associates informed Allstate that all communications with the Calandros should be directed to Biller Associates, and Biller Associates prepared estimates of the losses sustained by the plaintiffs. Allstate claims that "[i]f the plaintiffs were injured in the manner alleged in their claim against Allstate, then said injuries were proximately caused by the conduct of Biller Associates in that it: a. made claim on behalf of the plaintiffs for damages to the plaintiffs' premises which were not caused by fire which damaged the plaintiffs' premises on November 18, 1993; b. made claim on behalf of the plaintiffs for repair or replacement of items which were not damaged in the above described fire; c. failed to communicate offers of settlement made by Allstate; d. failed to accurately communicate all terms of offers of compromise made by Allstate; e. failed to accurately communicate the terms and conditions of the insurance policy issued to the plaintiffs by Allstate; and f. upon information and belief, failed to take steps to protect the property; from further damage despite its representation that it would do so." Revised Second Amended Third-Party Complaint, First Count, ¶ 8. Allstate alleges that "[t]he above described acts constitute unfair and/or deceptive acts or practices in the conduct of a trade or business, in violation of General Statutes § 42-110a
et seq., and were the direct and proximate cause of the plaintiffs' injuries." Id., ¶ 9.
In the second count, Allstate alleges that "[t]he improper conduct of Biller Associates, as described above, was the direct CT Page 6764 and proximate cause of the plaintiffs' injuries and, as a consequence, Biller Associates is responsible for the claimed damages that the plaintiffs have sought from Allstate." Revised Second Amended Third-Party Complaint, Second Count, ¶ 8. Wherefore, Allstate seeks contribution from Biller Associates for its proportionate share of sums paid to the plaintiffs by Allstate and expenses incurred in connection with the defense of the plaintiffs' claims. Allstate also seeks actual damages, punitive damages, costs and attorneys fees pursuant to General Statutes § 42-110g.
On February 8, 1996, Biller Associates filed a motion to strike the first and second counts of the revised second amended third-party complaint on the ground that they fail to state claims upon which relief can be granted. In support of this motion, Biller Associates has submitted a memorandum of law. On February 28, 1996, Allstate filed a memorandum of law in opposition to the Biller Associate's motion to strike.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most, favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
In its supporting memorandum of law, Biller Associates argues that because the Calandros' sole claim against Allstate is for breach of contract and Biller Associates did not have a duty to undertake any of Allstate's obligations under the insurance contract, there is no basis for finding Biller Associates liable to Allstate for Allstate's breach of contract. Furthermore, Biller Associates claims that any duty it may have owed, as the Calandros' public insurance adjustor, was to the Calandros, and any breach of such duty would only give rise to claims by the CT Page 6765 Calandros, not Allstate, against Biller Associates.
Second, Biller Associates argues that since the Calandros are not asserting a CUTPA claim against Allstate and because, pursuant to Practice Book § 117, Allstate may pursue a claim against a third-party defendant only for all or part of the plaintiffs' claim against Allstate, Allstate's CUTPA claim against Biller Associates in the first count should be stricken.
Further, Biller Associates argues that Allstate has failed to state a valid claim for contribution. According to Biller Associates, a claim for contribution has no place in the analysis of a breach of contract case, the plaintiffs' claim against Allstate. Because Biller Associates was not a party to the insurance contract between Allstate and the Calandros, Biller Associates argues that it cannot possibly be responsible for any payments Allstate may have made or may be required to make under the policy. Finally, Biller Associates claims that Allstate's contribution claim is legally deficient because the right to contribution exists only where one party is compelled to pay more than its proportionate share of a common obligation. Biller Associate's Memorandum, p. 12, citing Hanover Ins. Co. v.Fireman's Fund Ins. Co., 217 Conn. 340, 353, 586 A.2d 567 (1991).
Allstate argues in its opposing memorandum that because Biller Associates is now a codefendant in the plaintiffs' claim against Allstate, Allstate's claims against Biller Associates are cross-claims rather than third-party claims. According to Allstate, Biller Associate's arguments regarding valid third-party claims are, therefore, inapplicable. Furthermore, Allstate claims that it is not attempting to "pass on" a CUTPA claim, but rather is asserting a direct claim against Biller Associates for damages proximately caused by Biller Associate's conduct in violation of CUTPA.
In addition, Allstate argues that it has alleged a valid claim for contribution in the second count. As a result of Biller Associates wrongful conduct, Allstate claims that it has been required, and may be required in the future, to pay more than its fair share of liability to the Calandros. Accordingly, Allstate argues that Biller Associate's motion to strike should be denied.
Construing the allegations in the third-party complaint most favorably to Allstate, the first and second counts essentially allege claims for violation of CUTPA and contribution, CT Page 6766 respectively, and do not seek indemnification. Although Allstate's claim against Biller Associates was originally filed as a third-party action, Biller Associates has since been made a party defendant in the original action by the Calandros. Cross-claims are claims by one defendant against a codefendant arising out of the same transaction described in the plaintiff's complaint. J. Dumont, Pleadings Pretrial Practice, p. 54 (1995 ed. 1994). Therefore, Allstate's claim against Biller Associates is, as Allstate argues, essentially a cross-claim rather than a third-party action. See Home Oil Co. v. Todd, 195 Conn. 333, 342,487 A.2d 1095 (1985) ("Reply to Counter Claim," despite its label, plainly constituted an answer to the defendant's counterclaim and treated as such); Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158, 160, 459 A.2d 525 (1983) (pleading improperly entitled by the defendant as a cross complaint rather than counterclaim treated as a counterclaim);Ernst Steel Corp. v. Reliance Ins. Co., 13 Conn. App. 253, 264
n. 2, 536 A.2d 969 (1988) ("Although designated a `Third Party Cross-Complaint,' under our practice such a pleading by a defendant against the plaintiff is called a counter-claim and the trial court properly referred to it as such."). To hold otherwise would be to exalt form over substance. Brown v. Rosen, 36 Conn. App. 206,210, 650 A.2d 568 (1994) ("We have often stated that we will not exalt form over substance.").
Practice Book § 116 provides in pertinent part: "In any action for legal or equitable relief, any defendant may file . . . cross claims against any codefendant provided that each such . . . cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . . ." Pursuant to Practice Book § 116, a cross-claim "must arise out of the transaction which is the subject of the plaintiffs complaint." Wallingford v. Glen Valley Associates,Inc., supra, 190 Conn. 160. "The `transaction test' is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion." (Internal quotation marks omitted.) Id., 161. Thus, Allstate may assert a cross-claim against Biller Associates provided that it arises out of the same transaction described in the Calandros' complaint.
I. First Count (CUTPA)
The Calandros' allegations against Biller Associates in the third count of their amended complaint are essentially the same CT Page 6767 as Allstate's allegations in its CUTPA claim against Biller Associates, and both involve the manner in which Biller Associates handled the Calandros' insurance claim. "[T]he same issues of fact and law are presented by the complaint and the cross claim and . . . separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts." Jackson v. Conland, 171 Conn. 161,166-67, 368 A.2d 3 (1976). Therefore, Allstate's CUTPA claim against Biller Associates arises out of the same transaction described in the Calandros' complaint and, thus, is an appropriate cross-claim. Furthermore, because Allstate is not seeking indemnification in the first count, Biller Associate's arguments regarding indemnification are not applicable. Accordingly, Biller Associate's motion to strike Allstate's CUTPA claim in the first count is denied.
II. Second Count (Contribution)
"[C]ontribution involves a claim for reimbursement of a share
of a payment necessarily made by the claimant which equitably should have been paid in part by others." (Internal quotation marks omitted; emphasis in original.) Malerba v. Cessna AircraftCo., 210 Conn. 189, 194-95, 554 A.2d 287 (1989). As Biller Associates argues, "[t]he right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." Hanover Ins. Co. v. Fireman's Fund Ins.Co., supra, 217 Conn. 353.
"It is essential to the application of the principle of contribution that the party claiming contribution be equally liable with the others . . . . This requirement is satisfied . . . when the parties are under a common burden, obligation, or liability . . . ." 18 Am.Jur.2d 16-17, Contribution, § 10 (1985). Furthermore, "[t]he right to contribution is inchoate or subordinate . . . and . . . becomes complete and enforceable only upon payment or its equivalent by the claimant discharging, satisfying, or extinguishing the whole or more than his just and equitable share of the common obligation . . . ." 18 Am.Jur.2d 19-20, Contribution, § 11 (1985). See, e.g., Aponte v. Johnson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 114281 (September 18, 1992, Rush, J., 7 Conn. L. Rptr. 364, 366) (the CT Page 6768 right to contribution "exists only in post judgment proceedings pursuant to General Statutes § 52-572h(h)"); United StatesFidelity v. McDonnell Leasing Corp. , Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112492 (June 1, 1992, Rush, J., 6 Conn. L. Rptr. 495, 496) (a defendant in a product liability action may not file a cross-claim for contribution under General Statutes § 52-572o(e) because such a claim can only be made after either the entry of a judgment or the discharge or payment of a common liability).
In the present case, Allstate has failed to allege facts sufficient to establish the existence of a common obligation between Allstate and Biller Associates. Furthermore, Allstate has not alleged either the entry of a judgment or the discharge or payment of a common obligation. See Franklin v. St. Luke'sCommunity Services, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 116791 (March 30, 1995, Karazin, J., 14 Conn. L. Rptr. 29, 32) ("[T]he right of contribution does not attach until a final judgment has been rendered."). Accordingly, Allstate has failed to state a valid claim for contribution and the motion to strike the second count is granted.
Based on the foregoing, Biller Associate's motion to strike is denied as to the first count and granted as to the second count.
Howard F. Zoarski, Judge Trial referee