[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7816
On November 21, 2000, the plaintiffs, Northern Homes Distributors, Inc., Robert E. Ghent and Arlene V. Ghent, filed a one-count petition for discharge of lis pendens and damages against the defendants, Meadowhaven Condominium, Inc. and Eugene Melchionne pursuant to General Statutes §§ 49-8 and 49-13.[1] The plaintiffs allege the following. On June 19, 1996, Meadowhaven Condominium, Inc., through its attorney, Eugene Melchionne, filed a foreclosure action against the plaintiffs to recover condominium common expense assessments allegedly due and owing to Meadowhaven Condominium, Inc.[2] Thereafter, Attorney Melchionne filed a notice of lis pendens on the plaintiffs' property in the Waterbury land records. On October 19, 1997, the plaintiffs fully paid the debt arising out of the foreclosure action and Attorney Melchionne issued a satisfaction of judgment in connection therewith. On October 20, 1997, the plaintiffs, through their attorney, William F. Hickey III, requested in writing the release of the lis pendens from Attorney Melchionne. The defendants failed to release the lis pendens and thereafter, on December 19, 1997, the sixty day statutory delivery period expired.
On January 29, 2001, the defendants filed a motion for summary judgment with a supporting memorandum of law, an affidavit of Attorney Melchionne and copies of various lis pendens, notices of judgments of strict foreclosure, satisfactions of judgments and correspondences between the parties. On February 14, 2001, the plaintiffs filed an objection to the defendants' motion for summary judgment. Additionally, the plaintiffs filed a cross motion for summary judgment with a supporting memorandum of law, an affidavit of Attorney William Hickey III, an affidavit of debt and copies of various lis pendens, satisfactions of judgments and correspondences between the parties.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." CT Page 7817 (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000) "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193,201, 746 A.2d 730 (2000)
In the present case, the defendants argue that there are no issues of material fact and that, as a matter of law, the plaintiffs cannot obtain relief under General Statutes §§ 49-13 or 49-8. The defendants argue that no condition invalidating the original lis pendens exists and that the plaintiffs caused their own damages by failing to record the satisfaction of judgment in accordance with General Statutes §49-21.[3] The defendants further argue that the plaintiffs failed to avail themselves of other remedies by waiting until the "last minute" to pay the required redemption amounts.
In response, the plaintiffs do not claim that there are material issues of fact but argue, however, that the defendants are not entitled to judgment as a matter of law. The plaintiffs argue that they have a valid cause of action under § 49-13 for an order discharging the lis pendens which has been satisfied and otherwise become of no effect. The plaintiffs further argue that they are entitled to damages under § 49-8
because the defendants, after receiving a written request, failed to release the lis pendens. The plaintiffs finally argue that § 49-21
does not provide for the filing of a certificate of satisfaction by the owner of the equity of redemption where the debt is satisfied.[4]
"[T]he purpose of [a notice of lis pendens] is to bind any subsequent purchaser or encumbrancer as if he were made a party to the action described in the lis pendens. . . . [T]he lis pendens procedure provides security for payment of the claim pending final resolution of the case." (Internal quotation marks omitted.) Corsino v. Telesca, 32 Conn. App. 627,632-33, 630 A.2d 154, cert. denied, 227 Conn. 931, 632 A.2d 703 (1993) "A notice of lis pendens is appropriate where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself. . . . A lis pendens is a creature of statute and a person invoking its provisions must comply with the statutory requirements . . . Nevertheless, the provisions of the statute should be liberally construed to implement reasonably and fairly its remedial intent of giving notice of claims pertaining to the real property which is the subject of the litigation." (Citations omitted; internal quotation marks omitted.) First Constitution Bank v. HarborVillage Ltd. Partnership, 37 Conn. App. 698, 703, 657 A.2d 1110, cert. denied, 235 Conn. 902, 665 A.2d 901 (1995). Moreover, Connecticut courts have "often stated that we will not exalt form over substance." Brown v.Rosen, 36 Conn. App. 206, 210, 650 A.2d 568 (1994). CT Page 7818
After viewing the evidence in the light most favorable to the plaintiffs, it is clear that the defendants' motion for summary judgment should be granted. There is no dispute that Attorney Melchionne, on behalf of Meadowhaven Condominium, Inc., delivered a certificate of satisfaction of judgment to the defendants in the prior action and filed it with the clerk of the court. The next statutorily prescribed step pursuant to § 49-21 is for the defendants in the prior action to file a certified copy of the certificate of satisfaction of judgment and of the judgment on the land records. The plaintiffs, having been the defendants in the prior action, failed to take this step.
A certificate of satisfaction of judgment, if properly recorded on the land records, would relate back to the original lis pendens and would provide notice that the property is free of the subject lien.[5] The statutory purpose of providing notice of the status of claims relating to the subject property would have been served had the plaintiffs followed the procedure set out in § 49-21. First Constitution Bank v. HarborVillage Ltd. Partnership, supra, 37 Conn. App. 703. As a matter of law, therefore, the plaintiffs are not entitled to damages pursuant to §49-8 or a discharge of lis pendens pursuant to § 49-13. To hold otherwise would be to promote form over substance, a practice not adhered to by our courts. Brown v. Rosen, supra, 36 Conn. App. 210 (1994)
In sum, the defendants' motion for summary judgment is granted because no genuine issue of material fact exists and the defendants are entitled to judgment as a matter of law. In accordance with the above memorandum, the plaintiffs' cross motion for summary judgment is denied.
THOMAS G. WEST, J.