STATE OF CONNECTICUT *v.* PHILIP N. PETERS
(AC 25003)

Lavery, C. J., and Schaller and DiPentima, Js.

Argued January 20—officially released May 17, 2005

*Richard E. Condon, Jr.*, assistant public defender, for the appellant (acquittee).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Kevin Doyle*, assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The acquittee, Philip N. Peters, challenges the order of the trial court committing him to the jurisdiction of the psychiatric security review board (board) for a period of fifteen years. He seeks plain error review of his unpreserved claim that in making the requisite findings for commitment pursuant to General Statutes § 17a-582, the court failed to apply the statutorily mandated standards of General Statutes § 17a-580 as interpreted by *State* v. *March*, 265 Conn. 697, 830 A.2d 212 (2003). We affirm the order of commitment.

In June, 2001, the acquittee was arrested and charged with assault in the first degree in violation of General

Statutes §§ 53a-59 (a) (2) and (a) (3) for attacking the victim by removing her left eye. The acquittee, after waiving his right to a jury trial, was tried before the court, which found that the state had proved beyond a reasonable doubt that the acquittee had violated § 53a-59 (a) (2). The court further found that the acquittee had proved by a preponderance of the evidence his affirmative defense of incapacity under General Statutes § 53a-13. As a result of that finding, the court ordered the acquittee committed to the custody of the commissioner of mental health and addiction services for confinement and examination pursuant to § 17a-582. Thereafter, on October 15, 2003, following a hearing during which the court made findings pursuant to § 17a-582 (e), the court committed the acquittee to the jurisdiction of the board for a period of fifteen years. This appeal followed.[1]

The acquittee claims that in ordering his commitment, the court failed to apply the proper statutory standards requiring the court to conclude that (1) he is a person who suffers from psychiatric disabilities, (2) he presents a risk of imminent physical injury to himself or to others, and (3) he suffers from a psychiatric disability to the extent that he presents a danger to himself or to others. He contends that those are requisite findings under the applicable statutory provisions as interpreted by our Supreme Court in *State* v. *March*, supra, 265 Conn. 697. He raised none of those claims before the trial court, voiced no objection to the report recommending commitment and argued simply for a "fair commitment." Because the court's explicit findings supporting its order of commitment do not lead

---

[1] We note that the acquittee's appeal form indicates that he is appealing from the "judgment of conviction, finding of [not guilty by reason of insanity]" rather than from the order of commitment as authorized under General Statutes § 17a-582 (g). The state has not raised that technical defect, and it does not implicate this court's jurisdiction to hear the appeal. See *Brown* v. *Rosen*, 36 Conn. App. 206, 210, 650 A.2d 568 (1994).

us to conclude that it applied an incorrect legal standard, we reject those claims.

Under Practice Book § 60-5, this court may, in the interest of justice, notice plain error not brought to the attention of the trial court. Otherwise, the reviewing court shall not be bound to consider a claim not raised before the trial court or arising subsequent to trial. Id. Our Supreme Court recently reiterated the limited applicability of the plain error doctrine in *State* v. *Alston*, 272 Conn. 432, 455–56, 862 A.2d 817 (2005). "The plain error doctrine is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) Id.

Under § 17a-582 (e), "the court shall make a finding as to the mental condition of the acquittee and, considering that its primary concern is the protection of society, make one of the following orders: (1) [i]f the court finds that the acquittee is a person who should be confined . . . the court shall order the acquittee committed to the jurisdiction of the board . . . ." In the pertinent language of § 17a-580 (10), a " '[p]erson who should be confined' means an acquittee who has psychiatric disabilities . . . to the extent that his discharge . . . would constitute a danger to himself or others . . . ."

In *State* v. *March,* supra, 265 Conn. 706–708, our Supreme Court held that the term "psychiatric disabilities" is properly defined by § 17a-581-2 (a) (5) of the Regulations of Connecticut State Agencies as "any mental illness or mental disease as defined by the current Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association and as may hereafter be amended."[2] (Internal quotation marks omitted.) Id., 707. It further held that the phrase "[d]anger to self or to others [is properly defined by § 17a-581-2 (a) (6) of the Regulations of Connecticut State Agencies as meaning] the risk of imminent physical injury to others or self, including the risk of loss or destruction of the property of others." (Internal quotation marks omitted.) Id., 709; see also *State* v. *Kalman,* 88 Conn. App. 125, 135–37, 868 A.2d 766, cert. denied, 273 Conn. 938, 875 A.2d 44 (2005).

After admitting the report of the department of mental health and addiction services (department) as a full exhibit and hearing from both the state and the acquittee's counsel, the court made the following findings: "I am satisfied that this acquittee . . . indeed has a mental condition which has been described in the report in evidence as major depressive disorder with psychotic features in remission, factitious disorder with predominantly physical and psychological features and, in general, those are the diagnoses which I agree with. Bearing in mind this court's primary concern being the protection of society and based on the examination conducted by the department . . . I'm satisfied that this acquittee remains a danger both to himself and to the community and must be confined. Therefore, this court orders the acquittee committed to the jurisdiction of the . . . board at the maximum security setting of

---

[2] Section 17a-581-2 (a) (5) of the Regulations of Connecticut State Agencies also includes the following: "This definition includes any mental illness in a state of remission which may become active with reasonable medical probability."

the Whiting Forensic Division of Connecticut Valley Hospital pending a hearing before the board pursuant to General Statutes § 17-583. The term of confinement as to the assault charge shall be fifteen years."

The acquittee's first claim, which is that the court did not make the requisite finding that he has "psychiatric disabilities" before finding that he should be confined, requires little discussion. The court clearly made findings regarding the acquittee's condition that met the definition of psychiatric disabilities under the statute and *State* v. *March*, supra, 265 Conn. 707. Under those circumstances, the fact that the court did not use the specific words "psychiatric disabilities" does not warrant reversal under the plain error doctrine. See *State* v. *Robinson*, 227 Conn. 711, 731, 631 A.2d 288 (1993) (failure to use "talismanic" words does not indicate failure to make necessary determination).

The acquittee also claims that the court should have explicitly found that he presented a risk of "imminent physical injury" to himself or to others before issuing its order of commitment. The court did find that the acquittee was a danger to himself and to the community. Furthermore, at no point during the proceedings below or during the pendency of this appeal was the court asked to articulate the factual or legal basis of this finding. See *Torosyan* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, 234 Conn. 1, 30, 662 A.2d 89 (1995) (having failed to seek articulation in trial court, defendant could not complain on appeal of lack of explicit finding on issue).

Finally, the acquittee argues that the court's failure to state that his psychiatric disabilities caused him to be a danger to himself or to others was plain error.[3] In

[3] The acquittee also appears to suggest that the record was insufficient to show that his psychiatric disabilities could be related to his dangerousness. We disagree. "The determination as to whether an acquittee is currently mentally ill to the extent that he would pose a danger to himself or the community if discharged is a question of fact and, therefore, our review of

committing the acquittee, the court not only alluded to the report of the department, but explicitly based its findings on the report. That report contained detailed factual information supporting a finding that the acquittee has psychiatric disabilities to the extent that if he were discharged, he would be dangerous to himself and to others. See *State* v. *March*, supra, 265 Conn. 712. As with the previous claim, the acquittee did not request an articulation as to that finding. See *State* v. *Young*, 76 Conn. App. 392, 398, 819 A.2d 884 ("[i]n the absence of a motion for articulation, we will not assume that the court failed to apply the proper legal standard simply because it failed to articulate its reasoning"), cert. denied, 264 Conn. 912, 826 A.2d 1157 (2003).

The acquittee has failed to demonstrate that without a reversal of the court's order, manifest injustice will result. Accordingly, he cannot prevail on those unpreserved claims.

The order of commitment is affirmed.

In this opinion the other judges concurred.

this finding is governed by the clearly erroneous standard." (Internal quotation marks omitted.) *State* v. *Corr*, 87 Conn. App. 717, 722, 867 A.2d 124 (2005). The report of the department was admitted as a full exhibit without objection. In that report, the department determined unequivocally that the acquittee's psychiatric disabilities were such that if he were discharged, he would constitute a danger to himself and to others.