## STATE OF CONNECTICUT *v.* JOEL C. KELLY
### (AC 26001)

Schaller, DiPentima and McLachlan, Js.

Argued January 6—officially released April 18, 2006

*Richard E. Condon, Jr.,* assistant public defender, for the appellant (acquittee).

*John A. East III,* senior assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Vicki Melchiorre,* senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The acquittee, Joel C. Kelly, challenges the order of the trial court committing him to the jurisdiction of the psychiatric security review board (board) for a period not to exceed eight years. He seeks plain error review of his unpreserved claim that in ordering commitment pursuant to General Statutes § 17a-582, the court failed to apply the statutorily mandated standards of General Statutes § 17a-580. We remand the matter for articulation.

In February, 2004, the acquittee was charged with kidnapping in the second degree in violation of General Statutes § 53a-94 (a), threatening in the second degree in violation of General Statutes § 53a-62 (a) (2), assault in the third degree in violation of General Statutes § 53a-61 (a) (1) and risk of injury to a child in violation of General Statutes § 53-21 (a) (1). The charges stemmed from an incident that occurred on June 7, 2003, in which the acquittee abducted a young child and interfered with the return of that child to her guardians by threatening them verbally and physically. The court found the acquittee not guilty of all criminal charges by reason of mental defect or disease pursuant to General Statutes § 53a-13.[1] As a result of that finding, the court committed the acquittee to the custody of the commissioner of mental health and addiction services for confinement and evaluation pursuant to § 17a-582. Thereafter, on October 4, 2004, following a commitment hearing during which the court made findings pursuant to § 17a-582 (e), the court committed the acquittee to the jurisdiction of the board for a period not to exceed eight years. This appeal followed.

The acquittee claims that in ordering his commitment, the court failed to apply the proper statutory standards pursuant to § 17a-582 (e) requiring the court to conclude that (1) he presents a danger to himself or others, and (2) there exists a nexus between the acquittee's psychiatric disability and danger to himself or others.

The acquittee failed to preserve his claim for appellate review and seeks plain error review pursuant to Practice Book § 60-5. "The plain error doctrine is not

---

[1] General Statutes § 53a-13 (a) provides in relevant part: "In any prosecution for an offense, it shall be an affirmative defense that the defendant, at the time he committed the proscribed act or acts, lacked substantial capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law."

. . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Smith*, 275 Conn. 205, 239–40, 881 A.2d 160 (2005). "A trial court commits plain error when it fails to apply a clearly relevant statute to the case before it." (Internal quotation marks omitted.) *State* v. *Guckian*, 27 Conn. App. 225, 246, 605 A.2d 874 (1992), aff'd, 226 Conn. 191, 627 A.2d 407 (1993).

The essence of the acquittee's claim is that the court committed him to the jurisdiction of the board without complying with the requirements set forth in §§ 17a-580 through 17a-582. It is necessary, therefore, to first discuss the relevant provisions of those statutory sections to determine whether plain error exists.

Pursuant to the relevant provisions of § 17a-582 (e), when any person charged with an offense is found not guilty by reason of mental disease or defect pursuant to § 53a-13, "the court shall make a finding as to the mental condition of the acquittee and, considering that its primary concern is the protection of society, make one of the following orders: (1) [i]f the court finds that the acquittee is a person who should be confined . . . the court shall order the acquittee committed to the jurisdiction of the board . . . ." General Statutes § 17a-582 (e). A person who should be confined is defined in § 17a-580 (10) as "an acquittee who has psychiatric

disabilities . . . to the extent that his discharge . . . would constitute a danger to himself or others . . . ." In *State* v. *March*, 265 Conn. 697, 830 A.2d 212 (2003), our Supreme Court further interpreted the statutory phrase "[d]anger to self or to others" according to § 17a-581-2 (a) (6) of the Regulations of Connecticut State Agencies as meaning "the risk of imminent physical injury to others or self, including the risk of loss or destruction of the property of others." (Internal quotation marks omitted.) Id., 709; see also *State* v. *Peters*, 89 Conn. App. 141, 145, 872 A.2d 532, cert. denied, 274 Conn. 918, 879 A.2d 895 (2005); *State* v. *Kalman*, 88 Conn. App. 125, 136, 868 A.2d 766, cert. denied, 273 Conn. 938, 875 A.2d 44 (2005). It is, therefore, necessary for a court to make the requisite findings of fact, which include that the acquittee is a danger to himself or to others because of his psychiatric disability, before ordering commitment.

During the course of the hearing, the court heard testimony from Mark S. Cotterell, a forensic psychiatrist employed at the Whiting Forensic Division of Connecticut Valley Hospital (Whiting), where the acquittee was committed for initial evaluation and subsequent commitment. Cotterell testified that the acquittee was not a candidate for discharge and recommended commitment to the jurisdiction of the board. The state also introduced two reports prepared by Cotterell. In the first report prepared April 7, 2004, Cotterell recommended commitment and cited the danger the acquittee posed to society. In a subsequent report dated August 25, 2004, Cotterell recommended the commitment of the acquittee and noted his unwillingness to accept treatment for his psychiatric disability. Cotterell also referenced an earlier report prepared by Peter M. Zeman, a psychiatrist with the Institute of Living Medical Group, P.C., which was used by the acquittee during his criminal trial to establish his mental state at the time

of the incident. In his defense, the acquittee testified and submitted letters from his family, and his defense counsel cross-examined Cotterell. At the conclusion of the hearing, the court made the following oral decision. "Based on the testimony I have heard [and] read, I am going to commit you to the [board] for a period not to exceed eight years, based on my findings, and I make this finding by clear and convincing evidence that you are still seriously mentally ill and in need of confinement in a hospital for those with psychiatric disabilities."

The state argues that inherent in the court's decision are the requisite findings that the acquittee presented a danger to himself or to others on the basis of his psychiatric disability pursuant to § 17a-582 (e). Specifically, the state contends that "[a]ll the requisite underlying findings are clearly implied or, of necessity, subsumed inherently within the trial court's express conclusion." In support of this contention, it argues that the prosecutor's closing comments bolster its assertion that the court made such a finding. The prosecutor stated: "[T]he conclusions of Dr. Cotterell are clear that [the acquittee] would present a danger to himself or others if he were not confined to Whiting, at this time. The court needs to decide that period of commitment. It would be the state's recommendation that he be committed to the jurisdiction of the [board] for a period of time not to exceed ten years." We cannot agree that the state's closing argument, in which it commented on the evidence and suggested that the court reach a particular decision, evinces that the court actually made factual findings consistent with those assertions. The arguments and evidence presented by the state at the commitment hearing did not go undisputed by the acquittee. "It is within the province of the trial court, when sitting as the fact finder, to weigh the evidence presented and determine the credibility and effect to be given the evidence." (Internal quotation marks omit-

ted.) *Notopoulos* v. *Statewide Grievance Committee,* 277 Conn. 218, 227, 890 A.2d 509 (2006). The essential fact-finding function of the court cannot be supplanted on appeal by our reliance on any particular testimony or evidence that may have weighed more heavily when presented at the commitment hearing. We also cannot take on the role of fact finder.[2] We, as a reviewing court, "cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." (Internal quotation marks omitted.) *State* v. *Clark,* 160 Conn. 555, 556, 274 A.2d 451 (1970).

The court found that the acquittee was "seriously mentally ill and in need of confinement in a hospital for those with psychiatric disabilities." The court did not make the necessary statutory findings concerning whether the acquittee presented a danger to himself or to others because of his psychiatric disability. Although the court may have had evidence before it to support such a finding, it nonetheless failed to state the requisite findings specifically when issuing its oral decision. There is only minimal discussion of how the court came to its conclusion that the acquittee should be committed to the jurisdiction of the board. We must conclude, therefore, that the appellate record is not amenable to meaningful appellate review.

It is a fundamental principle in our jurisprudence that, "[i]t is the duty of the judge who tried the case to set forth the basis of his decision." *Powers* v. *Powers,*

---

[2] Quoting *State* v. *Reagan,* 209 Conn. 1, 9, 546 A.2d 839 (1988), the state suggests that we assume the role of fact finder because it asserts that "the undisputed facts or uncontroverted evidence and testimony in the record make the factual conclusion so obvious as to be inherent in the trial court's decision." After reviewing the record, we cannot agree that the factual conclusions necessary to support committing the acquittee to the jurisdiction of the board are either obvious or inherent in the court's decision.

183 Conn. 124, 125, 438 A.2d 845 (1981). We note that neither the acquittee nor the state requested an articulation of the court's decision. Their failure to make such a request, however, does not prevent this court from doing so on the basis of the facts of this case. See Practice Book § 60-5.[3] "Where the factual or legal basis of a trial court's decision is unclear, ambiguous, incomplete or the court has failed to state any basis for its decision, this court may remand the case, pursuant to Practice Book § 60-5, for further articulation of the basis of the trial court's decision." *Housing Authority* v. *Charter Oak Terrace/Rice Heights Health Center, Inc.*, 82 Conn. App. 18, 24, 842 A.2d 601 (2004); see also *State* v. *Wilson*, 199 Conn. 417, 434–35, 513 A.2d 620 (1986). Our Supreme Court has chosen such a course in an appeal from an order of commitment where the trial court's findings were unclear. See *State* v. *Lafferty*, 189 Conn. 360, 363, 456 A.2d 272 (1983). We conclude that such a situation presents itself here.

The case is remanded with direction to articulate the basis for committing the acquittee to the jurisdiction of the board pursuant to § 17a-582 and, specifically, to state whether at the time of the commitment hearing the acquittee presented a danger to himself or to others because of his psychiatric disability. We retain jurisdiction over the appeal.

In this opinion the other judges concurred.

---

[3] Practice Book § 60-5 provides in relevant part that "[i]f the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision. . . ."