## STATE OF CONNECTICUT *v.* JOEL C. KELLY
### (AC 26001)

Schaller, DiPentima and McLachlan, Js.

Considered April 2—officially released June 5, 2007

*Richard E. Condon, Jr.,* assistant public defender, for the appellant (acquittee).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Vicki Melchiorre*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. This case was argued on January 6, 2006, and an opinion was published setting forth the relevant facts, procedural history and applicable law. See *State* v. *Kelly*, 95 Conn. App. 31, 895 A.2d 801 (2006). In that opinion, we remanded the case for an articulation of the court's basis for committing the acquittee, Joel C. Kelly, to the jurisdiction of the psychiatric security review board pursuant to General Statutes § 17a-582 and, specifically, to state whether at the time of the commitment hearing the acquittee presented a danger to himself or to others because of his psychiatric disability. We retained jurisdiction over the appeal.

The court filed its articulation on March 30, 2007. In its articulation, the court stated that on the basis of the evidence submitted at the commitment hearing, which included a written report and testimony of Mark S. Cotterell, a forensic psychiatrist employed at the Whiting Forensic Division of Connecticut Valley Hospital, where the acquittee was committed for initial evaluation and subsequent commitment, and supporting testimony from Peter M. Zeman, a psychiatrist with the Institute of Living Medical Group, P.C., it found that the acquittee had multiple mental health issues, had been resistant to his treatment program and lacked insight into his mental health issues. The court further stated that those findings supported its determination that the "acquittee was a person who suffered from psychiatric disabilities and serious mental illness and presented a danger to others caused by his psychiatric disability."

We conclude that the court properly determined that the acquittee presented a danger to himself or to others because of his psychiatric disability, pursuant to § 17a-582, and therefore we find no plain error.

The judgment, as clarified by the trial court's articulation filed on March 30, 2007, is affirmed.