ALBERTO VILLA *v.* DANIEL RIOS
(AC 25351)

Bishop, McLachlan and Dupont, Js.

Argued January 5—officially released April 5, 2005

*Donna-Maria Lonergan*, with whom, on the brief, was *Andrew B. Goodwin*, for the appellant (defendant).

*R. Christopher Meyer*, with whom, on the brief, was *John H. Barton*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, Daniel Rios, appeals from the judgment of the trial court rendered after the jury's verdict in favor of the plaintiff, Alberto Villa. On appeal, the defendant claims that the court improperly (1) denied his motion for a continuance, (2) denied his motion to preclude evidence from the plaintiff's expert witness, (3) precluded the defendant's expert witness from testifying regarding the reasonableness of the

plaintiff's medical treatment, (4) charged the jury on mental suffering and (5) failed to set aside the verdict, which the defendant asserts was excessive.[1] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history relevant to this appeal. The plaintiff initiated this action on September 10, 2001, by filing a complaint against the defendant seeking damages for personal injuries resulting from an automobile accident. In October, 2001, the plaintiff answered standard discovery requests, disclosed Jamshied Bakshodeh, a chiropractic physician, as an expert witness and submitted Bakshodeh's medical report. In turn, on August 26, 2002, the defendant disclosed Michael L. Yoel, a chiropractic physician, as an expert witness. After granting the defendant a continuance to fulfill his National Guard duties, the court set the trial date for February 3, 2004.

On January 14, 2004, the plaintiff sought a second medical opinion regarding his injuries from Paul Carpenter, a chiropractic physician. When the plaintiff's attorney received Carpenter's report on January 15, 2004, he forwarded it to the defendant, along with a disclosure of Carpenter as an expert witness. On January 26, 2004, the defendant filed an objection to the disclosure of Carpenter and a motion to preclude the plaintiff from calling Carpenter to testify or presenting evidence from Carpenter. The court denied the defendant's motion on February 3, 2004. Thereafter, on February 5, 2004, after the jury had been selected but before the commencement of evidence, the defendant filed a motion for a continuance. The motion was denied, and the trial commenced on the next morning culminating in a verdict in favor of the plaintiff. After the court

---

[1] At oral argument, the defendant abandoned his first claim, which was that the court improperly denied the motion for a continuance, and the fifth claim, which was that the court improperly failed to set aside the verdict.

denied the defendant's motions to set aside the verdict and for remittitur, the court rendered judgment in favor of the plaintiff. This appeal followed.

I

The defendant first claims that the court improperly denied the motion to preclude the plaintiff from calling Carpenter as a witness or introducing Carpenter's report as evidence because the late disclosure of the expert prejudiced the defendant's ability to present a defense. We disagree.

We initially set forth the applicable standard of review. "It is well settled that [t]he trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . [Its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Citations omitted; internal quotation marks omitted.) *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 546–47, 733 A.2d 197 (1999).

The defendant argues that the plaintiff's late disclosure of Carpenter violated Practice Book § 13-4 (4)[2] and

[2] Practice Book § 13-4 (4) provides in relevant part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . [I]f an expert witness who is expected to testify is retained or specifically employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue

prejudiced the defense because the defendant was not allowed sufficient time for his experts to review Carpenter's report or to respond to his opinion.[3] We agree with the court that the defendant did not prove that he was prejudiced by the disclosure of Carpenter twenty days before trial.[4] We find no fault with the court's determination that in the interval between the disclosure of Carpenter as an expert and the commencement of trial, the defendant had sufficient time to depose Carpenter and have his expert review the report and the deposition, and that the defendant, instead, filed a motion to preclude Carpenter's testimony and later, failing that, filed a motion for a continuance. Under the facts and circumstances of this case, we conclude that the court did not abuse its discretion when denying the motion to preclude Carpenter's testimony.

The defendant also claims that the court abused its discretion by allowing the plaintiff to introduce Bakshodeh's January 17, 2001 "regional exam form" and "his-

interference with the orderly process of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ."

[3] We review the court's denial of the defendant's motion to preclude without regard to his later filed motion for a continuance because the defendant, on appeal, has abandoned any claim regarding the propriety of the court's ruling on his request for a continuance. See footnote 1.

[4] In denying the motion to preclude, the court stated: "The court finds that a disclosure on January 15, 2004, is not an unreasonable time . . . . Number two, the court finds that the objection is one containing conclusory allegations rather than specific details as to what the prejudice is. I've yet to hear any substantial elements of prejudice other than time. This report as received [was] represented by the plaintiff to have been faxed on the fifteenth. The latest it was received would be the sixteenth. That was never sent to the doctor who is the expert for the defendant so that I could have had in front of me some particular things that could have created particular problems and fleshed out what is substantial prejudice.

"In addition, the plaintiff's lawyer—and apparently undisputed was the fact that the witness was offered for deposition and that was not done. . . . [T]he court denies the relief sought therein so that the objection to the plaintiff's motion—excuse me—objection to the plaintiff's disclosure of expert witness and motion to preclude, motions 119 and 120, is denied for the reasons set forth on the record."

tory form."[5] The record reflects that the forms were initially provided to the defendant by Carpenter at his deposition on February 5, 2004.

At the outset, we assess whether the defendant's claim regarding the documents was preserved at trial. "The standard for the preservation of a claim of improperly admitted evidence at trial is well settled. Practice Book § 60-5 provides in relevant part that [this] court shall not be bound to consider a claim unless it was distinctly raised at the trial . . . . In order to preserve an evidentiary ruling for review, trial counsel must object properly. . . . Our rules of practice make it clear that counsel must object to a ruling of evidence [and] state the grounds upon which objection is made . . . to preserve the grounds for appeal. . . . These requirements are not simply formalities. . . . We consistently have stated that we will not consider evidentiary rulings where counsel did not properly preserve a claim of error by objection . . . ." (Citations omitted; internal quotation marks omitted.) *Rubel* v. *Wainwright*, 86 Conn. App. 728, 745, 862 A.2d 863, cert. denied, 273 Conn. 919, 871 A.2d 1028 (2005).

The regional exam form and the history form completed by Bakshodeh were not subjects of the motion to preclude filed by the defendant before trial. The defendant also did not object when the plaintiff introduced the forms at trial. Rather, the defendant's claim regarding the forms first was raised during his motion to set aside the verdict. "[R]aising an evidentiary issue for the first time in the context of a motion to set aside the verdict does not preserve the issue for appeal." Id., 746. Accordingly, we decline to review the defendant's claim that the court improperly admitted these forms as trial exhibits.

---

[5] Although the defendant also claims that the court improperly failed to preclude Bakshodeh's daily progress notes as evidence, our review of the record discloses that the notes were not, in fact, admitted as trial exhibits. Therefore, we need not review that claim.

## II

The defendant next claims that the court improperly precluded his expert witness, Yoel, from testifying that the plaintiff had an unreasonable number of appointments with Bakshodeh. "The trial court [generally] has wide discretion in ruling on the qualification of expert witnesses and the admissibility of their opinions. . . . The court's decision is not to be disturbed unless [its] discretion has been abused, or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.) *Friedman* v. *Meriden Orthopaedic Group, P.C.*, 272 Conn. 57, 66, 861 A.2d 500 (2004).

During direct examination, the defendant attempted to elicit Yoel's opinion regarding the reasonableness of the number of chiropractic visits—thirty-two—that the plaintiff had had with Bakshodeh. The plaintiff objected on the ground that the defendant had not established a sufficient foundation for Yoel to offer such an opinion because Yoel had not personally examined the plaintiff. In response, the defendant argued that Yoel's chiropractic experience, together with his review of the number of treatments as determined from the bills, provided an adequate foundation for the proffered opinion. The court disagreed and excluded Yoel's opinion in this regard.

On appeal, the defendant argues that a proper foundation was established by Yoel's testimony that he had reviewed the hospital emergency room records, medical records and reports from Bakshodeh, the police report, photographs of the plaintiff's motor vehicle and billing statements.[6] As noted, however, Yoel did not physically examine the plaintiff. Moreover, he did not

---

[6] At oral argument, the defendant's counsel argued that Yoel had reviewed the medical bills, which included an itemization of what the treatment was, how many times treatment was provided and the type of treatment that was provided.

review Bakshodeh's treatment notes. In sustaining the plaintiff's objection, the court noted that the fact that Yoel may have treated similar patients whose conditions may have required fewer treatment appointments does not constitute a sufficient basis for offering an opinion that the plaintiff had had an excessive number of treatment sessions. Additionally, the court noted that in his report, Yoel stated that he needed more information to determine whether more than twelve to fifteen appointments were necessary. On the basis of the facts that Yoel did not physically examine the plaintiff, did not review Bakshodeh's daily treatment notes and admitted in his report that he could not determine whether the plaintiff's thirty-two treatments were excessive, we conclude that the court did not abuse its discretion in sustaining the plaintiff's objection.

### III

The defendant's final claim is that the court improperly charged the jury on mental suffering because there "was no testimony regarding mental suffering, and there were no specific allegations of mental suffering in the plaintiff's amended complaint." We disagree.

"The standard we use in reviewing evidentiary matters, including the sufficiency of the evidence to submit a claim to the jury, is abuse of discretion. . . . Accordingly, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . . Issues that are not supported by the evidence should not be submitted to the jury." (Citations omitted; internal quotation marks omitted.) *Murray* v. *Taylor*, 65 Conn. App. 300, 328, 782 A.2d 702, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001).

The court charged the jury that "[n]oneconomic damages means compensation determined by the jury for

all nonpecuniary losses, including but not limited to physical and mental pain and suffering [the plaintiff] has experienced, as well physical and mental pain and suffering you find is reasonably probable he will suffer in the future." The court correctly instructed the jury regarding mental suffering because the plaintiff testified that he suffered from loss of sleep and that he lives with pain. Additionally, the record reflects that the plaintiff's amended complaint includes a claim for "pain and suffering." On the basis of our review of the record, we cannot conclude that the court abused its discretion in charging the jury on mental suffering.

The judgment is affirmed.

In this opinion the other judges concurred.