### GAIL R.* *v.* WILLIAM M. BUBBICO
### (AC 29948)

DiPentima, Harper and Hennessy, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued February 2—officially released April 28, 2009

*Eric Hard,* for the appellant (defendant).

*Opinion*

HARPER, J. The defendant, William M. Bubbico, appeals from the judgment of the trial court granting the application for a restraining order filed by the plaintiff, Gail R., pursuant to General Statutes § 46b-15, for the protection of the plaintiff and her sons. On appeal, the defendant claims that the court's order constituted an abuse of discretion because there was insufficient evidence before the court to find that he presented a continuous threat of present physical pain or physical injury, within the meaning of the statute, to the plaintiff

or her to sons.[1] We agree with the defendant and reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of the defendant's appeal. The parties were dating and financially shared a home together. The plaintiff's two minor sons resided with the parties. On April 10, 2008, a dispute arose between the parties when the plaintiff arrived home, with her sons, to find the defendant intoxicated in her bedroom and with another man. The defendant left the home he shared with the plaintiff immediately thereafter.

On April 21, 2008, the plaintiff filed an application[2] on behalf of herself and her two sons for an ex parte restraining order,[3] pursuant to § 46b-15, on the basis of the April 10, 2008 incident. The same day, in accordance with the dictates of § 46b-15, the court scheduled a hearing on the plaintiff's application for May 2, 2008.

[1] We point out that the plaintiff has not responded to the defendant's claim on appeal, having failed to file a brief with this court. We, therefore, have considered the appeal on the basis of the record and the defendant's brief and oral argument. See *Schettino* v. *Labarba*, 82 Conn. App. 445, 446 n.2, 844 A.2d 923 (2004).

[2] The plaintiff filed an affidavit along with her application. In her affidavit, the plaintiff attested, in relevant part: "[The defendant] has a serious drinking problem. This weekend after leaving on April 10, 2008, he was drinking, yelling, and [swearing] at [myself] and boys. Every time he was asked to leave, he left for a short time and then came back. And he decide[d] to not [leave, then] slept in his camper in the yard. On April 10, 2008, the boys and I came home from the baseball field to find him with a man . . . . I took the boys to a [friend's] and returned to the house to tell him to leave and not to come around my boys and myself. Over the previous [four] to [six] month[s] the drinking has been out of control. He has called the boy[s] and myself all kinds of swears, has push[ed], grabbed [and] thrown things at us. Has punched holes in walls and doors. Punched and dented my truck. About [ten] months ago he completed a substance abuse class ordered by [the department of children and families], from my youngest son about a year ago accusing [the defendant] of slapping him in the face."

[3] An ex parte restraining order was not issued prior to the court's hearing on the merits of the plaintiff's application.

At the hearing, both parties appeared without counsel. Neither party testified with regard to the April 10, 2008 incident. Instead, the hearing focused on severing the financial liability of the parties in the home that they shared.[4] The plaintiff provided the court with photographs of damage to the home allegedly caused by the defendant when he had been intoxicated. The court thereafter granted the plaintiff's application. It ordered the defendant to stay away from the home and prohibited him from having further contact with the plaintiff for a period of six months.

The defendant thereafter filed this appeal. On the same day, the defendant filed a motion for articulation, requesting, inter alia, that the court explain its reasoning behind granting the plaintiff's application. The court articulated that the plaintiff "was placed under oath and testified that she was concerned about [the defendant's] dangerous behavior when under the influence of alcohol. She introduced photographs of damage done by [the defendant] at the joint residence. [The defendant] in reply raised his concern over [the plaintiff's] abilities to meet her financial obligations. He also stated that she had struck him, and he had not harmed her." The court further articulated that it had "concluded that [the plaintiff] had sufficiently satisfied the requirements of § 46b-15 and entered the requested order excluding [the defendant] from the parties' residence [and] that there shall be no contact between the parties." Additional facts will be set forth as necessary.

At the outset, "[t]he standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based

[4] The court did not resolve the financial and personal property issues of the parties. Rather, it referred the parties to family relations counsel services.

on the facts presented. . . . Likewise, [a] prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion. . . .

"In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Putman* v. *Kennedy*, 104 Conn. App. 26, 31, 932 A.2d 434 (2007), cert. denied, 285 Conn. 909, 940 A.2d 809 (2008).

The sole issue on appeal is whether there was sufficient evidence before the court to make a factual finding pursuant to § 46b-15 that the defendant was a "continuous threat of present physical pain or physical injury . . . ."[5] General Statutes § 46b-15 (a). The defendant argues that the record does not reflect a factual basis to support the court's decision. We agree with the defendant.

Section 46b-15 (a) provides in relevant part: "Any family or household member . . . who *has been subjected* to a continuous threat of *present* physical pain

[5] We note that the defendant's appeal is "rescued from mootness by the 'collateral consequences' doctrine articulated in *State* v. *McElveen*, 261 Conn. 198, 205, 802 A.2d 74 (2002) . . . ." *Putman* v. *Kennedy*, 279 Conn. 162, 169–72, 167, 900 A.2d 1256 (2006) (harm to reputation and dissemination of restraining order to multiple law enforcement agencies considered collateral consequences of domestic restraining order).

or physical injury by another family or household member or person in, or has recently been in, a dating relationship who has been subjected to a continuous threat of present physical pain or physical injury by the other person in such relationship may make an application to the Superior Court for relief under this section." (Emphasis added.)

Our analysis is governed by this court's decision in *Putman* v. *Kennedy*, 104 Conn. App. 20, 932 A.2d 439 (2007). In *Putman*, the trial court granted an application for a restraining order enjoining the defendant father from having contact with his daughters. Id., 22–23. The plaintiff mother had testified that "she feared the daughters were in physical danger on the basis of the [defendant father's] prior physical altercation with the son, and her belief that the defendant [father] is unstable . . . ." Id., 23. This court reversed the judgment of the trial court because "there was no evidence to support a conclusion that the daughters were subjected to a continuous threat of present physical pain or physical injury." Id., 26. This court noted that the trial court "had a reasonable concern that the [defendant father's] actions may have endangered the daughters . . . ." Id., 25. Nonetheless, this court found that the trial court's concern did not fall within the statute and that there was no basis "to determine that the daughters were in present physical danger . . . ." Id., 26.

The court's decision in the present case mirrors that at issue in *Putman*. In the present case, the plaintiff's application was filed after a dispute arose on April 10, 2008, and neither party alleged that there was a physical altercation. In addition, the defendant had left the home immediately after the April 10, 2008 incident, and no further allegations were made to show that he was a continuous threat thereafter to the plaintiff or to her sons. Further, the plaintiff did not provide any testimony to the court that she or her sons were in imminent

danger of present harm by the defendant. Compare id., 34 (court properly found defendant father to be continuous threat of present physical pain or physical injury to son after physical altercation occurred because defendant father believed physical force to be good parenting). Last, although the plaintiff made allegations that the defendant had a tendency to be violent when he is intoxicated and had previously caused harm, those allegations do not constitute allegations of a present threat of violence from the defendant. The plaintiff failed to provide testimony of a present, as opposed to a former, physical danger from the defendant, such that an order for immediate restraint of the defendant from the plaintiff and her sons was necessary.

The plaintiff's sole evidence before the court of potential violence came from photographs of damage purportedly caused by the defendant to the home. Rather than inquiring into the cause or timing of the damage, the court contemporaneously granted the plaintiff's application for a restraining order. It is this lack of inquiry that provides additional support for the defendant's argument of insufficient evidence because the photographs could have been taken at any time prior to April 10, 2008, or while the defendant was away from the home thereafter. Accordingly, we conclude that although the defendant's behavior was cause for concern, there was insufficient evidence before the court to prove that the defendant's behavior was a continuous threat of present physical pain or physical injury to the plaintiff or to her sons.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's application for a restraining order.

In this opinion the other judges concurred.