# VANESSA RANFONE *v.* ROBERT RANFONE
## (AC 30562)

Bishop, DiPentima and Peters, Js.

Argued November 30, 2009—officially released February 16, 2010

*Frank J. Kolb, Jr.*, with whom, on the brief, was *Joseph H. Marotti*, for the appellant (defendant).

*Allison M. Near*, with whom was *Howard A. Jacobs*, for the appellee (plaintiff).

*Opinion*

PETERS, J. In a marital dissolution action, a trial court may award a spouse a portion of the retirement benefits that will be earned by his or her former spouse subsequent to the date of dissolution. *Bender* v. *Bender*, 258 Conn. 733, 752, 785 A.2d 197 (2001); *Ranfone* v. *Ranfone*, 103 Conn. App. 243, 248, 928 A.2d 575, cert. denied, 284 Conn. 940, 937 A.2d 698 (2007). The dispositive issue in this appeal is whether a court making such an award has the authority to clarify its terms if, as originally drafted, the award was unenforceable. We affirm the judgment of the trial court making the required correction.

In a judgment rendered on May 9, 2005, the court dissolved the marriage of the plaintiff, Vanessa Ranfone, and the defendant, Robert Ranfone. As part of the court's equitable distribution of the property and assets of the parties, the court awarded the plaintiff a 50 percent share of the value of the defendant's pension "as of the date that [the defendant] first becomes eligible to begin collecting his share of the pension." The court's judgment was affirmed on appeal. *Ranfone* v. *Ranfone*, supra, 103 Conn. App. 254.

Thereafter, the defendant's pension administrator rejected the proposed preapproved domestic relations order (PADRO)[1] that had been tendered to carry out the court's pension order. In the administrator's opinion, the phrase "first becomes eligible to begin" is ambiguous because the defendant presently is eligible to retire and to begin receiving a reduced pension. In response to the administrator's rejection, the parties returned to the trial court for a reexamination of the existing pension order.

In a memorandum of decision filed November 5, 2008, the court reiterated two of its earlier decisions with respect to the pension. It again denied the defendant's motion to divide the pension as of the date of the judgment dissolving his marriage to the plaintiff, and it again denied the plaintiff's motion to require the defendant, upon his retirement, to elect a pension option with 50 percent survivor benefits. These decisions are not directly at issue in this appeal.

Addressing the pension administrator's ruling, the court held that "the pension order should include terminology to the effect that valuation of the plaintiff's portion of the pension shall be based on one half of the amount that the defendant receives when he retires and begins collecting his share of the pension." The defendant's appeal challenges the propriety of this ruling.

The defendant has raised two issues. His principal contention is that the court's order improperly modified the property distribution in its original dissolution decree. In addition, he maintains that the court

[1] The record indicates that a PADRO is a variant of a qualified domestic relations order, known as a QDRO, which has been recognized as "the means by which to assign to a nonemployee spouse all or any portion of pension benefits provided by a plan that is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq." *Krafick* v. *Krafick*, 234 Conn. 783, 786 n.4, 663 A.2d 365 (1995).

exceeded its jurisdiction by awarding pension rights to the plaintiff that entitled her to participate in contributions to his pension that reflected his earnings subsequent to the date of the dissolution of the parties' marriage. We are not persuaded by either claim.

It is well established that "[a]n appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Gail R.* v. *Bubbico*, 114 Conn. App. 43, 46–47, 968 A.2d 464 (2009).

I

At the outset, we must resolve a jurisdictional issue. The plaintiff asserts that we have no subject matter jurisdiction to hear the defendant's appeal because the order that the defendant has challenged was not a final judgment. Ordinarily, "[t]he statutory right to appeal is limited to appeals by aggrieved parties from final judgments . . . ." (Internal quotation marks omitted.) *Rosado* v. *Bridgeport Catholic Diocesan Corp.*, 276 Conn. 168, 194, 884 A.2d 981 (2005).

The plaintiff maintains that the trial court's order restating the plaintiff's pension rights was merely an unappealable interlocutory order because it has not yet been finalized by a PADRO. The defendant argues, to the contrary, that the court's order so concluded the rights of the parties with respect to the division of the defendant's pension that its ruling was a final judgment. We agree with the defendant.

It is true that the precise terms of the PADRO defining the plaintiff's pension rights when the defendant retires

from government service are not before us. It is equally true, however, that, regardless of its other terms, if the trial court's ruling is affirmed, the PADRO will have to include a term distributing 50 percent of the pension to the plaintiff when the defendant retires. This requirement satisfies the test articulated in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), that an interlocutory order is immediately appealable if it "so concludes the rights of the parties that further proceedings cannot affect them."

## II

The defendant's principal argument on the merits is that the court's order, with respect to the plaintiff's pension rights, impermissibly modified the terms of the court's original assignment of property rights to the two parties. The defendant concedes that the court had continuing authority to enforce its prior orders but maintains that the amended decree was not an enforcement order but, rather, an unauthorized modification of its prior judgment. We disagree.

The defendant premises his appeal on the proposition that the court's original order, with respect to his pension, was unambiguous. Concededly, under the terms of that order, the plaintiff's pension rights were tied to the defendant's *eligibility* for a pension. The defendant maintains that, in light of his eligibility to retire at the time of the dissolution decree, the plaintiff's pension rights unambiguously were set at that time and were not subject to enhancement by his continued government service for an indefinite future period of time.

The difficulty with the defendant's argument is that it assumes that the court's initial allocation of the parties' pension rights was unambiguous. Like the pension administrator, the court found, to the contrary, that its

description of the event that would trigger the defendant's eligibility for a pension contained a latent ambiguity. "[L]atent ambiguities are those which appear only as the result of extrinsic or collateral evidence showing that a word, thought to have but one meaning, actually has two or more meanings. . . . Latent ambiguities [can] be shown and explained by pleading and parol proof." 11 S. Williston, Contracts (4th Ed. Lord 1999) § 33:40, pp. 816–17; *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania*, 231 Conn. 756, 782, 653 A.2d 122 (1995); *In re Marriage of Holloway*, 299 Mont. 291, 295–96, 999 P.2d 980 (2000).

Applying the law stated in these authorities, we hold that the court reasonably found that a latent ambiguity in its original pension order authorized it to restate its order to clarify its original intention for the division of the defendant's pension rights between the parties. We, therefore, disagree with the defendant's characterization of the court's order as an impermissible modification of its terms.

We note, finally, that the defendant cannot prevail on his contention that, as clarified, the court's pension order adversely affected his eligibility to receive his pension. As originally drafted and as clarified, the pension order left him unfettered freedom to decide when he wishes to retire. The pension order affected his projected pension payout, but not his control of his date of retirement.

### III

In the alternative, the defendant maintains that the court's clarified order awarding the plaintiff 50 percent of his pension when he retires was improper because the court had no authority to make a financial award that, in addition to dividing the parties' assets at the time of the dissolution of their marriage, also included

the future accrual of the defendant's pension rights. We disagree.

The defendant acknowledges that his claim must take into account the decisions of our Supreme Court in *Bender* v. *Bender,* supra, 258 Conn. 733, and of this court in *Ranfone* v. *Ranfone,* supra, 103 Conn. App. 243. *Bender* established that an equitable distribution in a marital dissolution case may include unvested pension benefits. *Bender* v. *Bender,* supra, 749. *Ranfone* established that an equitable distribution in a marital dissolution case may include unvested pension benefits even if disbursement of the pension is delayed until the pension comes into "pay status;" *Ranfone* v. *Ranfone,* supra, 253–54; and even if the distribution includes "future contributions to [the] pension, made after the date of dissolution . . . ." Id., 250.

The defendant maintains that, as restated by the trial court, the new pension benefits order is different and unauthorized because it is substantively different from the previous order that was upheld in *Ranfone.* This argument depends on the proposition, which we have already rejected, that the court's revised order was a modification rather than a clarification of its original order. Indeed, our earlier decision validating the pension order until the pension order comes into "pay status"; id., 254; indicates that we assumed the terms of the trial court's order to be precisely as the trial court has now clarified them to be.

The judgment is affirmed.

In this opinion the other judges concurred.