ROSEMARIE B.-F. *v.* CURTIS P.*
(AC 33323)

Gruendel, Beach and Peters, Js.

Argued November 9, 2011—officially released February 14, 2012

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Craig C. Fishbein,* for the appellant (defendant).

*John P. Santucci,* for the appellee (plaintiff).

*Opinion*

PETERS, J. General Statutes § 46b-15 (a) authorizes the issuance of a restraining order upon a finding that a family member "has been subjected to a continuous threat of present physical pain or physical injury by another family . . . member . . . ."[1] In this appeal, the only issue is whether the trial court abused its discretion in finding that the facts of record sufficed to establish the requisite "continuous threat." We affirm the judgment of the court.

[1] General Statutes § 46b-15 provides in relevant part: "(a) Any family or household member as defined in section 46b-38a who has been subjected to a continuous threat of present physical pain or physical injury by another family or household member or person in, or has recently been in, a dating relationship who has been subjected to a continuous threat of present physical pain or physical injury by the other person in such relationship may make an application to the Superior Court for relief under this section.

"(b) . . . The application shall be accompanied by an affidavit made under oath which includes a brief statement of the conditions from which relief is sought. Upon receipt of the application the court shall order that a hearing on the application be held not later than fourteen days from the date of the order. The court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant and such dependent children or other persons as the court sees fit. . . . If an applicant alleges an immediate and present physical danger to the applicant, the court may issue an ex parte order granting such relief as it deems appropriate. . . ."

On February 24, 2011, the plaintiff, Rosemarie B.-F., filed an application for relief from abuse against the defendant, Curtis P., the father of her minor child M, alleging that his conduct presented an immediate and present physical danger to herself and her two minor children. After the issuance of an ex parte restraining order, the court held an evidentiary hearing and granted the application as to the plaintiff. The court issued a restraining order for the protection of the plaintiff until September 4, 2011, but declined to issue any order for the protection of the minor children. In response to the defendant's motion, the court issued an articulation of its decision. The court denied the defendant's motion for reargument and reconsideration. The defendant has appealed.

The court reasonably could have found the following facts. On the evening of February 19, 2011, the plaintiff brought the parties' daughter, M, to the defendant's home in preparation for a contemplated weeklong Florida vacation. The previous evening, M had been treated at a hospital emergency room for an infected toe and a fractured foot. As a result, she had been prescribed antibiotics, wore a boot on her injured foot and was using crutches.

The plaintiff entered the defendant's home with M and her younger son, C, while her husband, the father of C, waited outside in the car. Inside the defendant's home, the plaintiff explained to him the medical regimen for M's injuries while she sat holding M, who was crying, in her lap. An argument ensued about the contents of M's luggage and about her bedtime. The argument became heated and the defendant began pushing the plaintiff toward the front door. The defendant restrained M and attempted to seize C, but the boy freed himself and ran out the front door to the waiting car. The defendant propelled the plaintiff out of the front door, causing her to suffer injuries to her lip and jaw.

The plaintiff then fell backward down the front steps and landed on the sidewalk. M got out of the defendant's home by crawling out from underneath a partially opened garage door.

Without challenging any of the court's factual findings, the defendant maintains that we should reverse its judgment because (1) the evidence presented by the plaintiff was insufficient to establish "a continuous threat of present physical pain or physical injury," (2) the court improperly excluded evidence that the plaintiff had reached out to the defendant for consolation in the face of her failing marriage and (3) the plaintiff's entry into the defendant's home was improper because of a prior court order forbidding such an entry. We are not persuaded.

We note, at the outset, that, although the restraining order has expired, the present appeal is not moot. "[T]he expiration of a domestic violence restraining order does not render an appeal from that order moot because it is reasonably possible that there will be significant collateral consequences for the person subject to the order." *Putman* v. *Kennedy*, 279 Conn. 162, 164–65, 900 A.2d 1256 (2006). Accordingly, we must address the merits of the defendant's appeal.

I

The defendant's principal claim on appeal is that there was not sufficient evidence to establish "a continuous threat of present physical pain or physical injury," as required by § 46b-15, to support the protective order issued by the court. We disagree.

"[T]he standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not

reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Gail R.* v. *Bubbico*, 114 Conn. App. 43, 46–47, 968 A.2d 464 (2009).

The court found that a restraining order was warranted on the basis of the testimony of the plaintiff, whom the court expressly found to have been credible, and the existence of past and present protective orders. Although the court did not issue restraining orders on behalf of C or M,[2] it observed, in its articulation, that it had attached significance to the fact that the defendant's violent acts against the plaintiff had been committed in front of the children. The court credited the plaintiff's testimony that she was in fear of the defendant. The court also considered that the defendant had failed to acknowledge "that he could have handled this event differently" and had accused the plaintiff of trespassing on his property.

Furthermore, the court noted that restraining orders had been issued against the defendant in the past, in 1999 and 2001. Even more directly relevant, the court took judicial notice of the fact that the defendant had

---

[2] The transcript of the evidentiary proceedings makes it clear that the focal point of the parties' disagreement was the plaintiff's request for issuance of a restraining order with respect to M. Such an order would have had implications for the parties' ongoing dispute about custodial arrangements for M.

been placed under arrest as a result of the events of February 19, 2011, and that, at the defendant's arraignment, a protective order had been issued on the plaintiff's behalf.

The defendant does not contest the court's authority to credit the plaintiff's description of the events that occurred at his home on the evening in question. He nonetheless maintains that this evidence did not suffice to establish a *continuous* threat to the plaintiff. In the defendant's view, the events that occurred on February 19, 2011, no matter how probative of his misconduct, were insufficient to support the court's judgment because the only other facts of record were protective orders that had been issued many years earlier.

*Putman* v. *Kennedy*, 104 Conn App. 26, 34, 932 A.2d 434 (2007), cert. denied, 285 Conn. 909, 940 A.2d 809 (2008), clearly holds that *one* incident, combined with a finding that a respondent presently poses a continuous threat, is sufficient to satisfy § 46b-15. The defendant's argument is, therefore, untenable because it fails to address the court's express reliance on the most recent criminal protective order, issued at the time of the defendant's arraignment. The fact of its issuance manifests a timely judicial finding that the defendant had violent tendencies, had acted aggressively toward the plaintiff and was responsible for the stormy relationship between the parties. The court construed the protective order as evidence, as well, of the long-standing nature of the parties' unfortunate relationship. In the absence of evidence or argument that the court misread the protective order, we cannot fault the court's decision.

II

The defendant also challenges the validity of an evidentiary ruling by the trial court that precluded him from presenting evidence that the plaintiff recently had turned to the defendant for consolation when she was

having difficulties in her marriage. We are not persuaded.

"[T]he trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . [Its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Internal quotation marks omitted.) *Villa* v. *Rios*, 88 Conn. App. 339, 342, 869 A.2d 661 (2005).

The defendant argues that his testimony was admissible to counter the plaintiff's claim that he continually and presently threatened her with physical violence and harm. The court sustained the plaintiff's objection to the proffered testimony on the ground that it was irrelevant. Like the trial court, we fail to see the connection between the defendant's claim that the plaintiff had come to him to discuss relationship problems and the court's finding, one year later, that the defendant presented a continuous threat of present physical pain or injury to the plaintiff. The defendant's argument, essentially, is that the "continuous threat" requirement set forth in § 46b-15 cannot be met if there ever was a brief peaceful interlude in the relationship between the parties. The defendant has cited no authority for such a construction of the statute and we know of none. Accordingly, we find no impropriety in the court's evidentiary ruling.

III

Finally, the defendant faults the court for its failure to consider whether the plaintiff's entry into his home on the evening in question was a violation of a prior court order that prohibited the plaintiff from leaving her car when she brought M to visit the defendant. The defendant acknowledges that he did not bring this issue to the court's attention until he filed his motion for

reargument and reconsideration. The court denied the defendant's motion without comment. In accordance with Practice Book § 60-5,[3] we similarly decline to consider the defendant's unpreserved claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ."