MIDLAND FUNDING, LLC *v.* MICHAEL TRIPP, SR.
(AC 32914)

Bear, Espinosa and Pellegrino, Js.

Argued January 11—officially released March 13, 2012

*Jeanine M. Dumont*, with whom was *Heath A. Tiberio*, for the appellant (plaintiff).

*Opinion*

BEAR, J. In this amended appeal,[1] the plaintiff, Midland Funding, LLC, appeals from the judgment of the

---

[1] Before final judgment was rendered in this case, the plaintiff, Midland Funding, LLC, sought, in its original appeal to this court, to appeal from the trial court's denial of the plaintiff's motion for judgment in accordance with a stipulation of the parties. This interlocutory ruling, however, is not a final judgment from which an appeal properly can be taken. See *Sharon Motor Lodge, Inc.* v. *Tai*, 82 Conn. App. 148, 152–53, 842 A.2d 1140 (interlocutory order refusing to enter judgment in accordance with stipulated agreement is not final judgment), cert. denied, 269 Conn. 908, 852 A.2d 738 (2004). Accordingly, although the parties have not addressed this issue, because the lack of a final judgment deprives this court of subject matter jurisdiction, we dismiss the plaintiff's original appeal. See id., 152; *State* v. *Dalzell*, 282 Conn. 709, 715, 924 A.2d 809 (2007); *Sabrowski* v. *Sabrowski*, 282 Conn. 556, 560, 923 A.2d 686 (2007). The amended appeal, taken after final judgment was rendered, and which also raises the issues that were presented in the original appeal, however, properly is before us. Effective January 1, 2010, Practice Book § 61-9 was amended and now provides in relevant part: "If, after an amended appeal is filed, the original appeal is dismissed for lack of jurisdiction, the amended appeal shall not be void as long as the amended appeal was filed from a judgment or order from which an original appeal could have been filed."

We also note errors, however, on the plaintiff's amended appeal form. The form improperly states that the plaintiff is appealing from the judgment dated November 8, 2010, and from the "denial of motions for judgment . . . on 11/8/10, 11/29/10 and 2/7/11." The date of final judgment, however, was April 6, 2011, which should be the date of judgment from which the plaintiff is appealing. Nevertheless, we previously have viewed such errors as technical defects that do not implicate our jurisdiction over the appeal. See, e.g., *Brown* v. *Rosen*, 36 Conn. App. 206, 210, 650 A.2d 568 (1994). Accordingly,

trial court, rendered after a hearing in damages, awarding it the sum of $7152.92 plus $352 in costs for its claim against the defendant, Michael Tripp, Sr., but denying it postjudgment interest pursuant to General Statutes §§ 37-3a and 52-356d (e).[2] On appeal, the plaintiff claims that the court erred in refusing to enter judgment in accordance with the parties' stipulation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim. By complaint dated August 25, 2010, the plaintiff sued the defendant to collect a credit card debt that the defendant owed to Citibank in the amount of $7352.92. The plaintiff alleged that it had purchased title to this debt from Citibank for valuable consideration, and it sought principal, interest, attorney's fees and costs from the defendant. On October 29, 2010, the plaintiff filed a motion for judgment in accordance with a stipulation of the parties in the amount of $7152.92, which reflected a deduction for a $200 payment made by the defendant, plus $352 for costs. The stipulation also provided that postjudgment interest would accrue at "the statutory rate." On November 8, 2010, the court, *Sheedy, J.*, denied the motion for judgment, concluding: "Not only does the '[s]tipulation' contain a reference to statutory interest without specifying the same (and therefore, it is unlikely the debtor knows the interest rate) but the defendant's signature is not notarized."

On November 18, 2010, the plaintiff filed another motion for judgment in accordance with the stipulation, stating that the court improperly had denied its original

despite such errors, we will consider the merits of the amended appeal. See id.

[2] The defendant failed to file a brief in this appeal. Accordingly, we will consider the merits of the plaintiff's claim on the basis of the plaintiff's brief and oral argument, as well as the trial court record. See *Gail R.* v. *Bubbico*, 114 Conn. App. 43, 45 n.1, 968 A.2d 464 (2009).

motion because (1) postjudgment interest is automatic and (2) there is no authority for the court to require that the defendant's signature on the stipulation be notarized. On November 29, 2010, the court again denied the plaintiff's motion for judgment in accordance with the stipulation, in part, for the same reasons it had denied the earlier motion.

On December 28, 2010, the defendant was defaulted for failure to plead, and, on January 26, 2011, the plaintiff filed a motion for judgment and order of payments, requesting that the court render judgment for the plaintiff against the defendant for $7152.92 in damages, $352 for costs and postjudgment interest pursuant to §§ 37-3a and 52-356d (e). The plaintiff requested that the defendant be ordered to pay the nominal sum of $35 per week. On February 7, 2011, the court denied this motion, concluding that certain documents that the plaintiff submitted to the court were not the same as those previously given to the defendant, the amount of principal debt on a typewritten document varied from the principal claimed in the motion for judgment and that the debt already had been "charged off" by the plaintiff.

On February 7, 2011, the court issued an articulation of its reasons for denying the plaintiff's October 29, 2010 motion for judgment in accordance with the parties' stipulation. The court explained that the defendant was self-represented and that the stipulation stated that interest would accrue on the unpaid balance of the debt at the "statutory rate," yet it failed to identify any statute or specific rate. It also explained that the stipulation was silent as to the fact that the court had the discretion to decline to order postjudgment interest as a matter of equity. The court further articulated that without a notarized signature, it had no way of determining whether the signature on the stipulation was that of the defendant, and, finally, the court explained that the

stipulation called for payments in excess of the minimal amount without any indication that the defendant had been told that the court had the discretion to order lower payments.

On March 24, 2011, the plaintiff filed another motion for judgment and order of payments. In that motion, the plaintiff again requested that the court enter judgment against the defendant in the amount of $7152.92 for damages, $352 for costs, and postjudgment interest pursuant to §§ 37-3a and 52-356d (e). The plaintiff also requested that the defendant be ordered to pay the nominal sum of $35 per week. Following a hearing in damages, at which the defendant did not appear, the court, on April 6, 2011, awarded the plaintiff $7152.92 in damages, $352 in costs and no postjudgment interest.[3] The defendant was ordered to pay $35 per week on the judgment.[4] This appeal followed.

On appeal, the plaintiff claims that the court improperly refused to render judgment in accordance with the stipulation of the parties. Although the plaintiff makes several arguments in support of its claim, we conclude that the court acted within its discretion in refusing to approve the stipulation and to render judgment in accordance therewith.

"A stipulated judgment is a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. *Gillis* v. *Gillis*, 214 Conn. 336, 339, 572 A.2d 323 (1990); *Bryan* v. *Reynolds*, 143 Conn. 456, 460, 123 A.2d 192 (1956). While a stipulated or consent judgment is not a judicial determination of any litigated right; *Gillis* v. *Gillis*, supra [339]; *Bryan* v. *Reynolds*, supra [460]; [it] is a judicial

[3] The plaintiff raises no claims with regard to the final judgment rendered by the court.

[4] The appellate record and the court file in this case do not have copies of the March 24, 2011 motion for judgment. Because this document is available from the court's e-file system, however, we have obtained a copy therefrom.

function and an exercise of the judicial power to render judgment on consent. A judgment upon consent is a judicial act. *Pope* v. *United States*, 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944). There is no doubt that the parties may enter into any agreement they choose. By seeking to transform their private agreement into a judgment of court, however, the parties invoke the judicial power of the court. Such a judicial act, like all judicial acts, necessarily involves the court's exercise of its powers of law and equity. The parties cannot, by giving each other consideration, compel a court to render a judgment in accordance with a stipulation that the court, in the exercise of its discretion, is unwilling to accept. *System Federation No. 91, Railway Employees' Department, AFL-CIO* v. *Wright*, 364 U.S. 642, 651, 81 S. Ct. 368, 5 L. Ed. 2d 349 (1961). [A] judge is not a mere umpire in a forensic encounter but a minister of justice, and it follows that an agreement is not necessarily binding on the court and may justifiably be disregarded in a particular case." (Internal quotation marks omitted.) *Bank of Boston Connecticut* v. *DeGroff*, 31 Conn. App. 253, 257, 624 A.2d 904 (1993) (*Freedman, J.*, concurring in part and dissenting in part). "Ordinarily . . . stipulations of the parties should be adopted by the court. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.*, 136 Conn. 234, 236, 70 A.2d 126 (1949). If, for some reason, [however] the court cannot adopt the stipulation of the parties, it should state its disapproval of the stipulation and the reasons for its disapproval on the record. The court should not proceed to judgment, including an order for payments, without offering the parties an opportunity to present evidence relevant to that judgment. See *Bartley* v. *Bartley*, 27 Conn. App. 195, 197–98, 604 A.2d 1343 (1992)." *Central Connecticut Teachers Federal Credit Union* v. *Grant*, 27 Conn. App. 435, 438, 606 A.2d 729 (1992).

In this case, the court, in its responses to the October 29 and November 18, 2010 motions, set forth its reasons

for declining to approve the stipulation both in its orders denying the motions for judgment and, later, in its articulation. In particular, the court relied, in part, on the lack of notarization of the defendant's signature on the stipulation document. Despite the plaintiff's arguments, we conclude that this was a proper exercise of the court's discretion. A properly notarized signature would be proof that the defendant's signature was valid, and that his agreement to the stipulation was his " 'free act and deed'." See *Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn. 672, 680, 911 A.2d 300 (2006).

In its appellate brief, the plaintiff states that the defendant had agreed to pay $200 per month on the debt. It also states that the "[d]efendant expressly agreed to pay postjudgment interest at the statutory rate on the unpaid balance," citing to its motion that, as explained by the trial court, fails to set forth any specific statutory reference or any specific percentage of interest. The plaintiff then explains: "[The] [d]efendant's wife contacted [the] plaintiff's counsel's office on behalf of her husband . . . to ask about the proposed stipulation to judgment. She first asked about the interest rate, and was informed that it was 10 [percent] annual interest. [The defendant's wife] offered to pay $300 per month . . . . [The] [d]efendant then agreed to start paying immediately but at a rate of $200 per month." The plaintiff also states that the "[d]efendant executed [the] [s]tipulation and returned it to the plaintiff's counsel for submission to the [c]ourt."

We conclude that it was not an abuse of discretion for the court to decline to accept the stipulation as presented. The plaintiff discussed the defendant's debt with the defendant's wife, obtained an offer of payment from her, with which the defendant, apparently, would not agree, and the stipulated agreement was not signed in the presence of counsel and was not notarized; it was "returned" to counsel's office. In this case, the

court was not willing to accept a signature that was not notarized or otherwise verifiable by the court, and counsel made no attempt to alleviate the court's concerns by submitting a notarized signature or by requesting an evidentiary hearing.[5] On this basis, we conclude that the court's decision did not reflect an abuse of discretion.[6]

The original appeal is dismissed for lack of a final judgment; the judgment in the amended appeal is affirmed.

In this opinion the other judges concurred.

---

[5] The plaintiff asserts that "[i]f the trial court had a genuine concern over the validity of the [s]tipulation and the defendant's knowledge and willingness to enter into the stipulation, it would have been a simple matter for [the] [c]ourt to schedule a hearing so that the defendant could appear in [c]ourt and confirm his agreement to the terms of the [s]tipulation. The trial court, however, simply refused to enter judgment in accordance with the parties' agreement. Moreover, the role of the trial court is not to act as an advocate or adversary; the role of the court is to ensure that the process is followed." We take issue with this assertion. The role of the trial judge is not only to "ensure that the process is followed," but it also is to determine that any damages that are awarded are fair and just in light of the specific facts of each case. See *Commission on Human Rights & Opportunities ex rel. Arnold* v. *Forvil*, 302 Conn. 263, 283, 25 A.3d 632 (2011). This is an aspect of the trial judge's responsibility to be a minister of justice. See *Gorelick* v. *Montanaro*, 94 Conn. App. 14, 22 n.14, 891 A.2d 41 (2006). In this case, the court clearly expressed its concerns to the plaintiff, but the plaintiff, as the proponent of the stipulated agreement, did not request a hearing and otherwise did not offer any evidence responsive to the concerns of the court. Despite those concerns, the court did not render a judgment against the plaintiff; instead, it merely denied the plaintiff's motions for judgment in accordance with the stipulation. The plaintiff cannot "compel [the] court to render a judgment in accordance with a stipulation that the court, in the exercise of its discretion, is unwilling to accept. *System Federation No. 91, Railway Employees' Department, AFL-CIO* v. *Wright*, [supra, 364 U.S. 651]." *Bank of Boston Connecticut* v. *DeGroff*, supra, 31 Conn. App. 257 (*Freedman, J.*, concurring in part and dissenting in part). The plaintiff had time to seek a hearing or to take further action to explain to the court the fairness of the terms of the stipulation, as judgment was not rendered in this case until April 6, 2011, on the March 24, 2011 motion filed by the plaintiff.

[6] Because our conclusion on this issue is dispositive, we do not address the plaintiff's additional claims.